In re Richard K. **CRANDALL**, Bar Nos. F–300, F–307, F–311.

No. 880325.

Supreme Court of Utah.

Dec. 29, 1989.

---

1. This position represents the view of the majority of the Court on this issue.

Christine A. Burdick, Toni Marie Sutliff, Salt Lake City, Office of Bar Counsel.

Hans Chamberlain, Salt Lake City, Bd. of Bar Com'rs.

Robert G. Norton, Salt Lake City, for Richard K. Crandall.

DURHAM, Justice:

Richard K. Crandall challenges the recommendation of the Board of Commissioners of the Utah State Bar that he be disbarred. Crandall's appeal of the recommendation of discipline was untimely under rule XIV of the Procedures of Discipline of the Utah State Bar.[1] Because no appeal was taken within the specified thirty-day period, this Court entered an order accepting and implementing the recommendation of discipline. Shortly after this Court entered its order, Crandall filed this untimely appeal. Because of the seriousness of the issues presented in this appeal and their implications for our supervisory function in attorney discipline, we vacate our order approving the Bar's recommendation of discipline and waive the time-limitation requirement of rule XIV. Thus, we treat Crandall's appeal as if it had been a properly and timely instigated appeal of the Bar's recommendation of discipline.

Mr. Crandall has been the subject of six Bar complaints: F–202, F–239, F–276, F–300, F–307, and F–311. This appeal is technically only an appeal of the recommendation of discipline in the F–300, F–307, and F–311 complaints (F–300 series), which were consolidated by the disciplinary panel of the Bar on the motion of Bar counsel. The Bar recommended as a sanction in the F–300 series that Crandall be disbarred. However, Crandall also addresses another set of complaints, F–202, F–239, and F–276 (F–200 series), in his brief. The Bar argues that Crandall cannot attack the F–200 series because his time for appeal of those orders passed before the F–300 series appeal was taken. *See* Procedures of Discipline Rule XIV. However, as explained in more detail below, because the actions taken by the Bar in the F–200 series were so closely connected to events surrounding the F–300 series, we exercise our equitable powers with respect to the first series as well.

Crandall raises many issues on appeal. His most compelling argument, how-

---

1. Rule XIV provides:
 (a) Review on appeal. Within 30 days after service of findings, conclusions and a recommendation of the Board upon the attorney in question and Bar Counsel, the attorney or Bar Counsel (the latter acting at the express direction of the Committee) may seek review by the Supreme Court by filing a written notice of appeal with the Clerk of the Supreme Court. Said notice shall set forth the basis of the appeal, specifying grounds for the appeal. A copy of the notice of appeal shall be served on the other party and upon the Executive Director of the Bar on behalf of the Board.
 . . . .
 (b) Proceedings if no appeal. If there is no appeal from the findings, conclusions and recommendation of the Board, the Supreme Court shall enter an order approving and adopting the same as its own, unless from a review of the findings and conclusions, it is determined that the recommendation is arbitrary, capricious, or clearly erroneous.

ever, is that rule XX of the Procedures of Discipline is an unfair and inappropriate rule. Rule XX permits the Bar to suspend attorneys for failure to pay license fees and then to continue that suspension for unrelated reasons, giving the Bar a summary method of handling disciplinary problems. Crandall argues that since all disciplinary actions taken against him by the Bar in both the F–200 and the F–300 series were ultimately connected to his treatment pursuant to rule XX, the recommendations of discipline of the Bar must be rejected. In large part, we agree with this argument and therefore vacate our previous orders accepting the recommendations of discipline in the F–200 series and reject the recommendations of discipline in both the F–200 series complaints and the F–300 series complaints. We do not disturb, however, the original probation order imposed in the F–202 complaint. Pursuant to our supervisory authority, we also strike the language of rule XX under which Crandall's suspension for failure to pay his license fee was continued for an unreasonable amount of time.[2]

On May 15, 1987, Crandall received a letter from the Utah State Bar stating that, pursuant to rule XX, he had been dropped from the roll of qualified attorneys authorized to practice law for failure to pay his 1987 license fee. After receiving this letter, Crandall contacted the Bar, suspecting a mistake on the Bar's part since he was under the impression that his bookkeeper had paid the fee. Crandall claims that his failure to pay his fee was due to a misunderstanding with his bookkeeper regarding the time of payment. Crandall offered to hand-deliver his delinquent fee to the Bar but was told that he would have to submit the delinquent fee, along with a written request for acceptance of the fee, to the Bar Commission's executive committee. After submitting such a request, Crandall was informed, on July 8, 1987, that any

action on his request would have to wait until a full meeting of the executive committee scheduled for July 31, 1987. On August 4, 1987, the Bar informed Crandall that the executive committee had deferred action on his petition for reinstatement until their next meeting, to be held on August 28, 1987.

On August 21, 1987, Crandall appeared before a Bar hearing panel on the F–202 complaint, a separate matter which had predated his administrative suspension. The purpose of the hearing was to review the probation requirements which had been imposed upon Crandall in the F–202 matter. The F–202 probation required that Crandall file monthly reports regarding his legal practice. Crandall alleges that his indefinite suspension from the practice of law for failure to pay his fees from May 1987 impaired his ability to file the required monthly reports. At this hearing, the Bar panel nevertheless recommended that Crandall be suspended retroactively to May 5, 1987, the date on which he had been suspended for not paying his license fee, for failure to file reports under the F–202 probation.

Crandall asserts that he became increasingly distraught and depressed as the suspension for failure to pay his license fee continued to destroy his practice. In October 1987, Bar counsel scheduled hearings on the F–239 and F–276 matters, while Crandall was under the continued rule XX suspension and the suspension for F–202 was still in force. Crandall maintains that he was overwhelmed emotionally from the effects of the administrative suspension and that the suspension seriously and adversely affected his ability to defend himself in the F–239 and F–276 matters.

■ Crandall argues that rule XX of the Procedures of Discipline provides an unwise and unnecessary means of disciplining attorneys. It allows the Bar, after suspending an attorney for failure to pay the annual licensing fee, to continue suspen-

---

**2.** Article VIII, section 4 of the Utah Constitution gives the Supreme Court the power to govern the practice of law and to discipline Bar members. This power necessarily includes control over the procedures used to discipline Bar members. In striking this language, we are exercis-

ing this power. The Bar Commission, when conducting investigations and making determinations relating to attorney discipline, is acting as an arm of this Court. *In re Hansen*, 586 P.2d 413, 416 (Utah 1978).

sion for reasons other than the failure to pay the fee after the attorney has tendered his or her delinquent fee. Rule XX provides that after an attorney has been suspended for nonpayment of the licensing fee, the attorney

> may apply in writing for re-enrollment by tendering the delinquent fees and a $100.00 filing fee.... Upon receiving the same the Utah State Bar Commission shall accept it and order re-enrollment, *unless the Board for some justifiable cause deems it not to be in the best interests of the Bar and the public to do so.*

(Emphasis added.) Crandall maintains that the portion of rule XX which allows continued suspension of an attorney after the attorney has tendered the delinquent fee is unnecessary since alternative means are available under rule VII(b)(1) of the Procedures of Discipline for suspending attorneys. Crandall also argues that this portion of rule XX does not provide the procedural safeguards available under rule VII(b)(1). We agree.

Rule VII(b)(1) provides for temporary suspension of an attorney from the practice of law while a disciplinary proceeding involving the attorney is pending. The temporary suspension may be obtained either upon petition by the Bar's Board of Commissioners or the Court's own motion. The rule requires that evidence be presented demonstrating that "the attorney has been convicted of a crime involving moral turpitude or is causing great harm to the public and/or a client or clients...." If the Board of Commissioners petitions for a temporary suspension, it bears the burden of proof to show that temporary suspension is necessary. *See* Procedures of Discipline Rule VII(b)(2).

Unlike the temporary suspension provision of rule VII(b)(1), rule XX allows the Bar to deny reinstatement when an attorney tenders a delinquent fee if the Board of Commissioners "for some justifiable cause deems it not to be in the best interests of the Bar and the public to do so." This provision is problematic for several reasons. First, the language which outlines the basis for denying reinstatement is vague, offering no concrete reasons for denying reinstatement. Second, the provision allows the Bar to bypass the procedural requirements of rule VII(b)(1). Finally, there is no logical connection between an attorney's failure to pay his or her licensing fee and claimed unfitness to practice law. The suspension of attorneys for failure to pay the license fee is necessary and appropriate. However, it is inappropriate that the Bar should be able to refuse reinstatement after the delinquent fee is paid for a reason unrelated to the initial suspension. The other procedures for disciplining attorneys under the Procedures of Discipline preclude any need for this "end-run" approach. We therefore strike the language under which Crandall's suspension for failure to pay his license fee was continued past the payment of his delinquent fee.[3]

 In its findings of fact and recommendation of discipline in the F–300 series, the Bar relied extensively on the outcome of the F–200 series as an aggravating factor in determining the appropriate sanction. This consideration would ordinarily be appropriate under the rules. *See* Procedures of Discipline Rule IX(d)(2); American Bar Association Standards for Imposing Lawyer Sanctions 9.22(a). However, in this case the Bar's reliance on the F–200 series in imposing the F–300 series sanctions, giv-

---

**3.** The new version of rule XX will read:

> The annual license fee shall be payable on March 1 of each year. Any member, active or inactive, who fails to pay the fees upon that date or within 30 days thereafter shall be dropped from the roll of qualified attorneys. In such event, he shall not practice law or appear as an attorney in any court of this state until he is reinstated. The Executive Director of the Bar shall give notice of such removal from the rolls to such noncomplying member by certified mail and by ordinary mail to the Chief Justice of the Supreme Court and to the judges of the district and circuit courts of the state. The noncomplying member may apply in writing for re-enrollment by tendering the delinquent fees and a $100.00 filing fee, as approved by the Supreme Court. Upon receiving the same, the Utah State Bar Commission shall accept it and order re-enrollment.

en the connection Crandall claims between his rule XX suspension and the outcome of the F–200 series, may have been unfair.[4] We believe that Crandall is entitled to procedural relief with respect to all six complaints. We therefore vacate our orders accepting the Bar's recommendation of discipline in the F–200 series and reject the recommendations of discipline in the F–200 series and the F–300 series, leaving in place the original probation order imposed in the F–202 complaint.

Crandall claims, with considerable credibility, that the complaints in the F–300 series all arose from situations which were either caused or aggravated by his rule XX suspension and its indefinite extension even after payment of his delinquent fee. The basis for each complaint in the F–300 series appears to have been directly related to Crandall's inability to either file documents with a court or appear in court during his suspension under rule XX. This close nexus between Crandall's improper treatment under rule XX and the F–300 series requires that this Court reject the recommendation of discipline in the F–300 series.

Crandall presents other arguments for rejecting the recommendations of discipline made by the Bar in its disciplinary proceedings against him. These include inadequate notice, improper entry of orders, and inability to defend himself. Because we reject all recommendations of discipline based on our revision of rule XX, we do not address these arguments further.

In rejecting these recommendations of discipline, we are not condoning unprofessional behavior by Crandall that may have been associated with the complaints. The Bar is free to seek discipline under the rules for any claimed unprofessional behavior which was not caused by Crandall's suspension under rule XX. In light of the problems with the operation of rule XX in this case, problems regarding notice (for which some factual basis appears in the record), and the cumulative effect of these circumstances, however, we deem it appropriate to "wipe the slate clean" and permit Crandall to defend himself on such a clean slate. Unless the Bar can demonstrate the need for interim suspension under the regular operation of the Rules, Crandall should be immediately reinstated as a member of the Bar.

We vacate our order accepting the Bar's recommendation of discipline in the F–200 series and reject the Bar's recommendations in the F–200 series and the F–300 series leaving intact the original F–202 probation. This returns Crandall to status quo; he is now in the same position he was in the day before his administrative suspension under rule XX. We also revise rule XX of the Procedures of Discipline as set forth in this opinion.

HALL, C.J., and HOWE, Associate C.J., concur.

STEWART and ZIMMERMAN, JJ., concur in the result.

---

4. We also note that some procedural irregularities may have impaired Crandall's notice and opportunity to defend on some of these complaints.