2004 UT 20

## In the Matter of the Application of Joseph R. FOX, # 3895.

No. 20020559.

Supreme Court of Utah.

March 2, 2004.

Joseph R. Fox, Provo, pro se.

Billy L. Walker, Kate A. Toomey, Salt Lake City, for the Utah State Bar.

WILKINS, Justice:

¶ 1 Joseph R. Fox, a former member of the Utah State Bar (the "Bar" or "Utah Bar") who was disbarred, appeals the trial court's denial of his amended petition for readmission. That petition sought to compel the Bar to allow Fox to sit for the student bar exam, or alternatively to excuse his noncompliance with the exam passage requirement for readmission. Fox argues that the trial court erred by reading the Rules of Lawyer Discipline and Disability ("RLDD"), which apply to readmission, in connection with the Rules Governing Admission ("RGA"), which regulate admission of all applicants to the Bar. He also argues that the rules infringe on his constitutional rights to due process and equal protection. We affirm.

## BACKGROUND

¶ 2 In 1974, Fox graduated from Western State University College of Law—then an institution unaccredited by the American Bar Association ("ABA"). He later passed the California Bar Exam and practiced as an attorney in California for a number of years before his admission to the Utah Bar in 1982 as an attorney applicant. Fox was not required to pass the student bar exam, instead gaining admission to the Bar based on his good standing with the California Bar and his competence as evidenced by his practice in California. Fox was later disbarred from the Utah Bar and has not practiced law since.

¶ 3 Concurrent with a petition for readmission filed in the trial court, Fox applied to the Bar to take the student bar exam, the passage of which is a requirement for readmission under rule 25(e)(7) of the RLDD. The Bar refused to permit Fox to sit for the exam because he was not a graduate of an ABA-approved law school, which rule 3 of the RGA sets as a threshold requirement for an applicant's examination. Thus, although he was initially admitted without graduating from an approved law school because of his practice in California,[1] Fox could not be readmitted without graduating from an approved school. In response, Fox amended his petition for readmission to request that the Bar be compelled to allow him to sit for the exam, or that he be excused from meeting the exam passage requirement. Fox argued that the RLDD should not be read in conjunction with the RGA, but that rule 25(e)(7)'s requirement that an applicant for readmission take and pass the student bar exam is sufficient to allow a disbarred applicant to take the exam irrespective of any requirements in the RGA. Fox also argued that if the rules are read in conjunction with one another to prevent him from taking the student bar exam because he did not graduate from an ABA-approved law school, those rules violate his constitutional rights by requiring his graduation from an ABA-approved law school, despite his earlier admission without meeting that requirement.

¶ 4 The trial court refused to waive the student bar exam requirement. The court also refused to compel the Bar to allow Fox to sit for the exam because it concluded that rule 25(e)(7) of the RLDD prevents readmission without passage of the exam, and rule 3 of the RGA prevents those who have not graduated from an ABA-approved law school from taking the exam. It also held that none of Fox's constitutional rights were violated by this application of the rules. Fox does not renew his waiver claim on appeal. However, he now challenges (1) the trial court's construction of the RLDD and the RGA, (2) the constitutionality of requiring him to graduate from an approved law school before he may sit for the exam, despite his prior admission without meeting that requirement, and (3) the constitutionality of what he terms a "conclusive presumption of unfitness" because of his failure to meet the graduation requirement.

## ANALYSIS

### I. STANDARD OF REVIEW

¶ 5 Although this court generally reviews interpretations of rules for correctness,

---

1. Under today's Rules Governing Admission, an attorney applicant would not gain admission without graduation from an approved law school. RGA 4–1(c).

the rules in question in this case are promulgated by this court in furtherance of its duty to regulate the practice of law and may be altered when equity requires. *In re Crandall,* 784 P.2d 1193, 1195 n. 2 (Utah 1989). The constitutional arguments Fox raises are questions of law, which we review for correctness. *Snyder v. Murray City Corp.,* 2003 UT 13, ¶ 17, 73 P.3d 325.

## II. APPLICATION OF RULES OF ADMISSION AND RULES OF LAWYER DISCIPLINE AND DISABILITY

¶ 6 Fox argues that the trial court erred by reading rule 25(e)(7) of the RLDD together with the RGA rules applicable to applicants seeking readmission to the Bar after disbarment. Under Fox's proposed reading of the rules, he would not be required to qualify to take the student bar exam as a student applicant under rules 14–2 [2] and 3–1(c) of the RGA, which require graduation from an approved law school before an applicant may sit for the exam. Instead, Fox reads rule 25(e)(7) of the RLDD, which *requires* that an applicant for readmission pass the student bar exam, to *permit* him to take the exam despite the rules imposed by the RGA, which now prohibit him from taking the exam. We squarely addressed this issue in the recently decided case entitled *In re Schwenke.* 2004 UT 17, ¶¶ 9–18, 89 P.3d 117.

■ ¶ 7 In *Schwenke,* we recognized that the RLDD and the RGA are designed to supplement one another in cases in which their respective spheres of application overlap. *Id.* at ¶ 14. Our holding in *Schwenke* establishes that disbarred applicants for readmission to the Bar must satisfy the requirements of both the RLDD and the RGA. *Id.* at ¶ 15. The trial court properly applied both sets of rules in denying Fox's requested relief.

## III. CONSTITUTIONALITY OF THE RULES

### A. *Uniform Operation of Laws*

¶ 8 Fox's primary constitutional argument is that the above-discussed rules, which prevent him from taking the student bar exam, infringe on his right to the uniform operation of laws by treating him differently than other disbarred applicants—those who are graduates of approved law schools. He argues that the rules violate both the Fourteenth Amendment to the United States Constitution and article I, section 24 of the Utah Constitution.

■ ¶ 9 Fox fails to present any authority or argument for his federal constitutional claim. Our analysis, therefore, focuses on the Utah Constitution's uniform operation of laws provision, which is designed to ensure both that laws apply equally within a class of people, and that the classifications established by the law are "based on differences that have a reasonable tendency to further the objectives of the statute." *Malan v. Lewis,* 693 P.2d 661, 670 (Utah 1984). Article I, section 24 is not violated by the rules that require Fox to graduate from an approved law school before he may sit for the bar exam.

¶ 10 Fox suggests that among the class within which he now finds himself, disbarred former attorneys seeking readmission, he is treated differently than those who have graduated from an approved law school because he cannot take the student bar exam and be readmitted without returning to school. Fox does not challenge rule 25(e)(7)'s requirement that he take and pass the student bar exam. Nor does he urge that the approved law school requirement is itself unconstitutional. Rather, Fox seems to contend that allowing disbarred applicants who graduated from approved law schools to sit for the exam based on competency evidenced by that graduation, which preceded their disbarment, is unfair to him because he was originally admitted under other rules, which did not require his graduation from an approved school, but instead demonstrated competency by recent practice in another state. In Fox's words, "[t]he disbarred attorney who graduated from an approved law school is not required to regraduate, notwithstanding his demonstration of unfitness to practice law." His solution to this perceived problem is that

---

**2.** In the current version of the RGA this provision is found in rule 17–2.

"a disbarred attorney who did not graduate from an approved law school, but who qualified ... as an attorney applicant, should not be required to graduate from an approved law school." Such a practice is not compelled by the Utah Constitution's uniform operation of laws provision.

¶ 11 Among the class Fox identifies, there is no disparate treatment rising to the level of unconstitutionality. All disbarred applicants for readmission must meet the same requirements, including graduation from an approved law school. Despite the fact that some applicants' original admissions were based in part on their graduation from such a school, while others were admitted without meeting that requirement, all must meet the same requirements for readmission, with no account for their previous method of gaining admission. *See, e.g., In re Oliver,* 97 Utah 1, 89 P.2d 229, 234 (1939) (noting that disbarment "places the party in the same position as if he had never been admitted to practice"); Standards for Imposing Lawyer Sanctions 2.2 ("Disbarment terminates the individual's status as a lawyer."). Accordingly, an applicant faces admission anew under rule 25 of the RLDD, and other pertinent rules, such as the RGA. Whether one graduated from an approved law school before a previous admission to practice, or has not yet graduated from such an institution, is of no moment.

¶ 12 Although the prospect of a return to school may be unpalatable to Fox, there is simply no legal impediment preventing him from attending and graduating from an approved law school and thereby meeting the requirement that now prevents him from taking the student bar exam. Thus, there is no disparate treatment of those in Fox's situation—they must all graduate from an approved law school before sitting for the student bar exam. Therefore, unless the requirement itself—establishing a classification based on graduation from an accredited school—is invalid, Fox's challenge must fail.

¶ 13 Fox has not argued that the requirement itself is unconstitutional, so we need not consider it here. However, we note that in the face of constitutional challenges "courts have repeatedly held that a state may legiti-mately require graduation from an accredited law school as a prerequisite for admission to the bar." *Cline v. Supreme Court of Ga.,* 781 F.2d 1541, 1543 (11th Cir.1986) (citing other federal circuits with similar holdings). Fox's uniform operation of laws challenge fails.

## B. Due Process

¶ 14 Fox also contends that the rules are unconstitutional because they establish a conclusive presumption of unfitness. The only authority he cites for this proposition is a United States Supreme Court case entitled *Cleveland Board of Education v. LaFleur,* which invalidated on due process grounds a rule requiring pregnant schoolteachers to take unpaid maternity leave starting five months before the date of the expected birth. 414 U.S. 632, 644–46, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974). The Court held that the rule conclusively presumed that all pregnant teachers were physically incapable of teaching beyond a fixed date, and that the presumption was unconstitutional because incapacity would not necessarily occur at that point in every case and there was a reasonable alternative method of making the determination of incapacity. *Id.* This authority, argues Fox, renders the requirement that he graduate from an approved law school unconstitutional because his failure to graduate from such a school does not necessarily render him incompetent. He offers rule 25(e)(7), standing alone, as the alternative method of determination—the district court would evaluate competency or allow him to sit for the exam without meeting the applicable RGA requirements. However, Fox fails to recognize other applicable authority from the Court that undermines his position.

¶ 15 Despite any lingering distaste for some conclusive presumptions, the Supreme Court has clarified its jurisprudence; it does not provide Fox the relief he seeks. Not all conclusive presumptions are invalid. *Michael H. v. Gerald D.,* 491 U.S. 110, 120, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989). According to the Court, conclusive presumptions "must ultimately be analyzed as calling into question not the adequacy of procedures but ... the adequacy of the 'fit' between the classifi-

cation and the policy that the classification serves." *Id.* at 121. Thus, if the approved law school requirement adequately fits with the policy of ensuring that applicants to practice law are competent to do so, there is no violation of due process principles. Essentially then, this court must substantively analyze whether there is a rational basis for the requirement. *See also Schware v. Bd. of Bar Exam'rs of N.M.*, 353 U.S. 232, 238–39, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957) (noting admission requirements for state bar "must have a rational connection with the applicant's fitness or capacity to practice law").

¶ 16 As noted above, challenges to the constitutionality of an approved law school requirement have generally met with failure. *Cline*, 781 F.2d at 1543. Such challenges have failed because requiring graduation from an approved law school before admission to practice law represents one rational way to evaluate the sufficiency of an individual's legal education. For example, efficiency is one obvious rational basis for an approved law school requirement.

¶ 17 Requiring graduation from an approved law school is a highly efficient way of preliminarily evaluating competence. As one court has noted, in the absence of the approved law school requirement, or some reasonable substitute, the Bar would be forced to separately evaluate the curriculum of each school represented by an applicant for admission to the Bar. *See, e.g., Nordgren v. Hafter*, 789 F.2d 334, 339 (5th Cir.1986) (rejecting constitutional challenge to Mississippi's approved law school requirement and its temporary exception for graduates of in-state law schools without ABA approval). Of course, this assumes that all applicants attended law school. If they did not, the Bar would be forced to evaluate each applicant's "education" individually, however informal it might be. Although doing so *might* result in a better, more individualized determination of competence, it would be cumbersome and come at great expense of both time and money. Utilizing the work of an organization like the ABA to make the preliminary determination of competence is not only rational, but wise. Accordingly, the requirement is valid.

## CONCLUSION

¶ 18 We affirm because we hold that the Rules of Lawyer Discipline and Disability and the Rules Governing Admission must be read in conjunction with one another when applied to disbarred applicants petitioning for readmission to the Bar. Likewise, requiring that petitioners for readmission graduate from an ABA-approved law school, even if the petitioner was previously admitted without meeting the graduation requirement, is a constitutionally permissible method of determining competence. Affirmed.

¶ 19 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.