2004 UT 81

**In the Matter of the DISCIPLINE OF John ALEX, No. 6696.**

**The Felt Building, Intervenor and Appellant.**

No. 20020727.

Supreme Court of Utah.

Oct. 1, 2004.

Loren E. Weiss, Bradley M. Strassberg, Salt Lake City, for Utah State Bar Trustee Weiss.

Elizabeth Knowlton, Ogden, for the Felt Building.

PARRISH, Justice:

¶ 1 At stake in this appeal are an office refrigerator, a suit, and a set of golf clubs abandoned in the office of disbarred attorney John Alex. At issue is the scope of Rule 27 of the Utah Rules of Lawyer Discipline and Disability.

¶ 2 Pursuant to Rule 27, the district court appointed Loren Weiss as trustee on behalf of the Utah State Bar to protect the interests of Alex's former clients. Weiss obtained an order from the district court authorizing him to take possession of all property located in Alex's residence and former office. Alex's former landlord, the Felt Building, objected and attempted to intervene in the disciplinary proceeding against Alex, asserting that it was entitled to Alex's personal property in order to satisfy a judgment it had obtained against Alex. The district court denied the motion to intervene, holding that the Felt Building had no interest in Alex's property. The Felt Building appealed. We reverse and hold that the Felt Building did have a cognizable interest in Alex's personal property and

that the district court's order awarding all of Alex's property to the trustee exceeded the scope of its authority under Rule 27.

## FACTUAL BACKGROUND

¶ 3 Attorney John Alex leased an office in the Felt Building. When he became delinquent in his lease payments, the Felt Building filed a complaint for unlawful detainer in the Third District Court. Alex failed to appear, and the Felt Building obtained a default judgment and order of restitution against him.

¶ 4 The unlawful detainer action, however, was not the first time Alex crossed paths with the Third District Court. He was also subject to an attorney disciplinary action, before a different judge, filed by the Utah State Bar. After entering an order disbarring Alex, the district court appointed Loren Weiss to represent the Utah State Bar as trustee for the benefit of Alex's erstwhile clients. The appointment order was entered pursuant to Rule 27 of the Utah Rules of Lawyer Discipline and Disability and authorized Weiss only to

> tak[e] possession of all funds in any trust account held by Mr. Alex and any client or third party funds in any other account ... and [to] tak[e] possession of all client files at any location including Mr. Alex's law office or place of residence or any other place for the purpose of returning those files to the clients.

¶ 5 Pursuant to the appointment order, Weiss's agent appeared at Alex's abandoned office to take possession of items inside, including Alex's personal property. Although the Felt Building gave Weiss access to client materials, it was less than cooperative in allowing Weiss access to Alex's personal property. In the face of the Felt Building's resistance, Weiss sought and obtained a broader appointment order from the district court. This second order, dated March 22, 2002 (the "March 22 order"), provided:

> [T]he Trustee, Mr. Loren Weiss, his agents and employees have full and complete authority to recover, attach, remove and possess *any and all property,* including but not limited to all files, records,

electronic data, computers, furnishings, office equipment and machines, telephones, chairs, [and] refrigerators at the former law office(s) and residence(s) of the respondent, John Alex.

(Emphasis added.) The district court also issued an order to show cause why the Felt Building should not be held in contempt for refusing to give Weiss access to all of the personal property located in Alex's abandoned office.

¶ 6 The district court scheduled the hearing on the order to show cause (the "contempt hearing") for Monday, April 1, 2002. The Felt Building, however, was not served with a copy of either the March 22 order or the order to show cause until March 29, 2002, the Friday immediately preceding the Monday hearing.

¶ 7 Counsel for Weiss and counsel for the Felt Building appeared at the contempt hearing. Unfortunately, the record reveals little about what transpired. While the court's minute entry states that "[a] stipulation of the parties is reached on the [order to show cause] ... resolving the issues," there is no document reflecting the terms of the stipulation.

¶ 8 Four days after the contempt hearing, the Felt Building, which was not a party to the disciplinary action, filed a motion to intervene in that action and for reconsideration of the March 22 order. Specifically, the Felt Building argued that its judgment against Alex in the unlawful detainer proceeding gave rise to an interest in Alex's abandoned property that was superior to any legitimate interest of the trustee.

¶ 9 The district court scheduled a hearing on the Felt Building's motion and gave the trustee an opportunity to file a responsive memorandum. The trustee failed to do so. At the hearing, counsel for the Felt Building argued that the trustee's legitimate interest in Alex's property was limited to client files and funds. Because the March 22 order purported to give the trustee control and possession of all Alex's property, the Felt Building asserted that the order exceeded the jurisdiction of the district court.

¶ 10 The district court denied the Felt Building's motion to reconsider and intervene, holding that the Felt Building had no right or claim to any of Alex's personal property. The Felt Building appeals from the denial of its motion.

## ANALYSIS

¶ 11 We first consider the trustee's claim that the Felt Building's appeal should be dismissed due to procedural irregularities arising from a series of mistakes and oversights by this court and by counsel for the Felt Building. Second, we examine whether the Felt Building waived its right to seek reconsideration of the March 22 order when, at the contempt hearing, it stipulated to the trustee's possession of Alex's personal property. We then consider whether the Felt Building had any cognizable interest in Alex's personal property. Finally, we discuss whether the March 22 order authorizing the trustee to take possession of Alex's personal property exceeded the scope of Rule 27 of the Utah Rules of Lawyer Discipline and Disability.

¶ 12 We reach the following conclusions. First, the Felt Building's notice of appeal was not defective, so we will consider the appeal on its merits. Second, the Felt Building did not waive its right to challenge the March 22 order as a result of the stipulation reached in the context of the contempt proceeding. Third, as a judgment creditor of Alex, the Felt Building had a cognizable, though contingent, interest in the personal property located in Alex's office. Finally, the March 22 order awarding the trustee possession of all Alex's personal property exceeded the scope of Rule 27 of the Utah Rules of Lawyer Discipline and Disability.

## I. PROCEDURAL IRREGULARITIES SURROUNDING THE NOTICE OF APPEAL

¶ 13 The trustee argues that this appeal should be dismissed because the Felt Building failed to comply with the Utah Rules of Appellate Procedure. The Felt Building moved to withdraw its original notice of appeal and then filed an amended notice of appeal. The trustee asserts that the amended notice was defective because the original appeal was dismissed before the amended notice was filed. Reasoning that a dismissed appeal is not subject to amendment, the trustee argues that the Felt Building was required to obtain leave of court to file an entirely new appeal.

¶ 14 A brief review of the procedural history demonstrates why it would be unfair to dismiss this appeal. The district court heard argument on the Felt Building's motion to intervene and reconsider the scope of the March 22 order on June 17, 2002. The minute entry for that hearing does not deny the motion, but merely reflects the court's intention to do so. On July 18, thirty-one days later, counsel for the Felt Building filed its notice of appeal in this court. The Felt Building filed its docketing statement approximately three weeks after filing its notice of appeal. At that time, counsel for the Felt Building apparently was unaware that the district court had yet to memorialize its June 17 ruling in a written order.

¶ 15 On August 13, on the basis of the dates contained in the docketing statement, this court notified the Felt Building that its appeal was deficient inasmuch as it had apparently been filed more than thirty days from the entry of the order being appealed.[1] The following day, August 14, the Felt Building mailed to this court a withdrawal of appeal and request for return of appeal bond (the "withdrawal").

¶ 16 Two days later, on August 16, counsel for the Felt Building learned that the district court had yet to enter the final order that was the subject of its appeal. Accordingly, the Felt Building's notice of appeal, though premature, was not untimely. Counsel for the Felt Building thereafter personally visited the office of the clerk of this court and requested the return of the Felt Building's

---

1. Rule 4(a) of the Utah Rules of Appellate Procedure provides that a notice of appeal must be filed within thirty days of the entry of the order appealed. Utah R.App. P. 4(a). Thus, the Felt Building's notice of appeal would have been filed one day late if the district court had, in fact, entered its final order on June 17.

withdrawal, which had been received but not yet filed. The clerk's office returned the original withdrawal to counsel for the Felt Building. Then, unbeknownst to counsel for the Felt Building, the clerk's office erroneously filed and docketed a copy of the withdrawal.

¶ 17 Three days later, on August 19, the district court entered the order denying the Felt Building's motion to intervene and reconsider. That same day, the Felt Building filed an amended notice of appeal in this court. It filed its docketing statement three days later, on August 22.

¶ 18 On August 26, this court dismissed the Felt Building's appeal on the basis of the erroneously filed withdrawal. The following day, the Felt Building moved to set aside the dismissal and reinstate its appeal. The clerk's office thereafter docketed the amended notice of appeal and assigned it a new case number.

¶ 19 The Felt Building argues that it would be fundamentally unfair to dismiss its appeal under these circumstances. We agree. The Felt Building filed a timely notice of its intent to appeal the district court's final order of August 19 and had no reason to believe, having retrieved the original withdrawal from the clerk of this court, that its appeal would be dismissed. Our dismissal of the original appeal was a clerical error and therefore provides no basis on which to dismiss the amended notice of appeal.

## II. WAIVER

¶ 20 We now consider whether the Felt Building waived its right to seek reconsideration of the March 22 order when it stipulated to the trustee's possession of Alex's property in the context of the contempt hearing. We hold that it did not

because there is insufficient evidence in the record to establish a waiver.

¶ 21 "A waiver is the intentional relinquishment of a known right. To constitute waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it." *Soter's, Inc. v. Deseret Fed. Sav. & Loan Ass'n*, 857 P.2d 935, 942 (Utah 1993) (citing *Phoenix Ins. Co. v. Heath*, 90 Utah 187, 61 P.2d 308, 311–12 (1936)). Although a waiver may be either express or implied, it must be "distinctly made." *Geisdorf v. Doughty*, 972 P.2d 67, 72 (Utah 1998) (internal quotations omitted).[2]

¶ 22 The parties agree that the Felt Building and the trustee reached a stipulation in the context of the contempt proceeding, pursuant to which the trustee took possession of Alex's personal property. They disagree, however, as to the specific contours of that stipulation. The trustee asserts that, by entering into the stipulation, the Felt Building waived its right to contest the trustee's entitlement to the refrigerator, suit, and golf clubs Alex left in the office. In contrast, the Felt Building maintains that it permitted the trustee to take possession of property solely to avoid being held in contempt of the March 22 order. It argues that it specifically reserved the right to seek intervention in the disciplinary proceeding for the purpose of challenging the scope of the March 22 order.

¶ 23 Although the record fails to define the contours of the stipulation, the course of the proceedings below supports the Felt Building's position. At the time of the contempt hearing, the Felt Building was not a party to the disciplinary proceeding and therefore was not in a position to challenge the scope of the March 22 order. Just four days after the contempt hearing, the Felt Building

2. These cases address waiver of contractual rights, not waiver of arguments or claims on appeal. The principle that waiver presupposes knowledge of a right and an intent to give it up does not necessarily apply to the issue of whether an argument has been waived on appeal. For example, a party is said to "waive" a claim on appeal if that claim was not preserved in the trial court by giving the trial judge an opportunity to rule on the issue. *See, e.g., 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. In

such a situation, a party need not be aware of its claim nor intend to relinquish the right in order to "waive" it.

In this case, the question is whether the Felt Building waived any claim to Alex's property when it entered into a stipulation with the Bar. The right allegedly waived is not a procedural right of appeal, but a substantive claim to personal property. Therefore, it is appropriate that the issue be governed by the principles applicable to waiver of contractual rights.

moved to intervene in the disciplinary proceeding and sought reconsideration of the March 22 order. Although the trustee was given an opportunity to file a written memorandum opposing the motion, he declined to do so, and the record contains no indication that the trustee asserted waiver before the district court. Moreover, the district court, which had been privy to the terms of the stipulation entered at the contempt hearing, did not find that the Felt Building had waived its right to seek reconsideration of the March 22 order. Rather, it decided the motion to reconsider on the merits, holding that the Felt Building had no cognizable interest in Alex's personal property.

¶ 24 The record is devoid of evidence indicating the Felt Building's intent to waive its right to challenge the scope of the March 22 order. Moreover, the district court considered the Felt Building's challenge on its merits. Accordingly, we reject the trustee's claim of waiver. We now turn to the merits of the Felt Building's claim that the district court erred in denying its motion to reconsider the scope of the March 22 order.

### III. THE FELT BUILDING'S INTEREST IN THE PROPERTY

■■ ¶ 25 The district court held that the Felt Building had no cognizable interest in the personal property in Alex's former office. The Felt Building's claim to the property is based on the Utah Code and thus presents a question of statutory interpretation that we review for correctness. *See Jerz v. Salt Lake County*, 822 P.2d 770, 771 (Utah 1991).

¶ 26 The Felt Building asserted an interest in Alex's personal property pursuant to the order of restitution entered in the unlawful detainer action. That order entitled the Felt Building to possession of the premises Alex leased. Section 78–36–10.5 of the Utah Code provides that a defendant's failure to comply with the terms of an order of restitution entitles a plaintiff to take possession of personal property remaining on the premises. Utah Code Ann. § 78–36–10.5 (Supp.2003). If the defendant fails to claim the property within thirty days, the property may be sold and the proceeds paid to the plaintiff up to the amount of his judgment. *Id.* § 78–36–10.5(3), (4).

■ ¶ 27 The district court erred in holding that the Felt Building had no interest in Alex's property. It is true that the Felt Building's right to the property was contingent upon the satisfaction of conditions that had yet to be fulfilled at the time of the district court's ruling. The fact that the Felt Building's right was contingent, however, does not render it nonexistent. *See Black's Law Dictionary* 816 (7th ed.1999) (describing a "contingent interest" as a subcategory of "interest"). A contingent interest in property is sufficient to give a person the right to intervene where the property is the subject of the action. Indeed, rule 24 of the Utah Rules of Civil Procedure states:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant *claims an interest relating to the property* ... which is the subject of the action and he is so situated that the disposition of the action may *as a practical matter* impair or impede his ability to protect that interest....

Utah R. Civ. P. 24(a), (a)(2) (emphasis added).

¶ 28 Because the Felt Building had a cognizable interest in Alex's abandoned property sufficient to justify its intervention, the district court should have granted its motion to intervene and then evaluated the relative priority of its interest in the property and that of the trustee.

### IV. THE SCOPE OF RULE 27 OF THE UTAH RULES OF LAWYER DISCIPLINE AND DISABILITY

■ ¶ 29 The trustee bases its claim to Alex's abandoned property on the district court's March 22 order. The March 22 order, in turn, is based on Rule 27 of the Rules of Lawyer Discipline and Disability, adopted by this court. Whether the March 22 order exceeded the scope of the district court's authority under Rule 27 is a question of law we review for correctness, without deference to the district court's interpretation. *See In re Fox*, 2004 UT 20, ¶ 5, 89 P.3d 127 ("[T]his court generally reviews interpretations of

rules for correctness ...."); *see also In re Crandall*, 784 P.2d 1193, 1195 n. 2 (Utah 1989) ("[T]he Utah Constitution gives the Supreme Court the power to govern the practice of law and to discipline Bar members. This power necessarily includes control over the procedures used to discipline Bar members.").

¶ 30 Rule 27 allows the district court to appoint trustees to protect deceased, disabled, or disbarred attorneys' former clients. It provides in relevant part:

(a) *Protective appointment of trustee.* If a lawyer has disappeared or died, or if a respondent has been suspended or disbarred ... and if there is evidence that the lawyer or respondent has not complied with the provisions of Rule 26 [providing for the return of clients' property and the refund of unearned fees], ... a district judge of the judicial district in which the lawyer or respondent maintained a principal office ... may appoint a trustee to inventory the lawyer's or respondent's files, notify the lawyer's or respondent's clients, distribute the files to the clients, return unearned fees and other funds, *and take any additional action authorized by the judge making the appointment.*

Utah R. of Lawyer Discipline & Disability 27(a) (second emphasis added).

¶ 31 The Felt Building asserts that the scope of the March 22 order exceeded the powers granted by Rule 27. It reasons that Rule 27 authorizes appointment of a trustee for the limited purpose of protecting clients' interests when an attorney is disbarred or otherwise unable to function but that it provides no basis for an order authorizing the trustee to take possession of a lawyer's personal property.

¶ 32 In urging us to uphold the scope of the March 22 order, the trustee relies on the final sentence of Rule 27(a), which, as noted above, contains a catchall grant of authority giving the trustee power to take "any additional action authorized by the judge making the appointment." *Id.* When read in context, however, this general grant of authority is necessarily circumscribed by the purpose of the rule and the scope of the preceding text. The general grant of authority is thereby limited to authorizing any additional actions necessary to protect the interests of clients. It does not provide a basis for authorizing seizure of a lawyer's personal property, wherever located.

¶ 33 The portions of the March 22 order authorizing the trustee to "recover, attach, remove and possess any and all property" located in Alex's "former law office(s) and residence(s)" exceed the scope of the powers Rule 27 grants. Similarly, the trustee's attempt to enforce the district court's broadly worded order against Alex's personal property, in the absence of proof that such an order was necessary to protect the interests of Alex's former clients, exceeded the scope of Rule 27.

## CONCLUSION

¶ 34 The Felt Building's appeal was not defective, and we find nothing in the record to establish that the Felt Building waived its right to assert a claim to Alex's refrigerator, suit, and golf clubs. As a judgment creditor, the Felt Building has a statutory interest in Alex's property pursuant to section 78–36–10.5 of the Utah Code. That interest, although contingent, is greater than the trustee's interest in the property, which is nonexistent.

¶ 35 Rule 27 of the Utah Rules of Lawyer Discipline and Disability was adopted to protect the interests of disciplined or disabled lawyers' former clients. It does not authorize trustees to take possession of a disciplined lawyer's personal property where no client interests are involved. We therefore reverse the district court's denial of the Felt Building's motion to reconsider the scope of the March 22 order and remand the case to the district court with instructions to order the return of Alex's personal property to the Felt Building.

¶ 36 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH's opinion.