2011 UT 29

**In the Matter of the DISCIPLINE OF D. Bruce OLIVER.**

No. 20100213.

Supreme Court of Utah.

June 7, 2011.

D. Bruce Oliver, Salt Lake City, pro se.

Billy L. Walker, Adam C. Bevis, Salt Lake City, for defendant.

Justice LEE, opinion of the court:

¶ 1 Attorney D. Bruce Oliver was suspended from the practice of law in the federal courts in 2007 and received an order of reciprocal discipline in the district court below in early 2008. Oliver filed a timely notice of appeal from that order, but his appeal was later dismissed for failure to file a docketing statement. About a year and a half later, Oliver sought to revive his challenge to the original order by filing a motion styled as a challenge to the district court's subject-matter jurisdiction. On this appeal from the district court's denial of that motion, we uphold the court's jurisdiction and denial of that motion, and accordingly affirm.

I

¶ 2 On April 4, 2007, Oliver received a suspension and reprimand from the United States District Court for the District of Utah for violations of a number of rules of professional conduct.[1] As a result, Oliver was suspended from the practice of law for one year before any United States District Court.

¶ 3 Subsequent to this suspension, the Office of Professional Conduct (OPC) sought reciprocal discipline under Rule 14–522(d) of the Rules of Lawyer Discipline and Disability (RLDD) in the Third District Court. Judge Anthony B. Quinn entered an order of reciprocal discipline on January 9, 2008, suspending Oliver from the practice of law in the State of Utah for a period of one year. The order conditioned Oliver's reinstatement upon compliance with RLDD 14–525, which imposes a number of criteria for reinstatement and readmission upon attorneys suspended for more than six months, including the requirement that the attorney "appear before the Bar's Character and Fitness Committee and cooperate in its investigation of the respondent." RLDD 14–525(e)(4).

¶ 4 Oliver filed a notice of appeal from that order the following week, on January 18, 2008. Later, on January 29, 2008, Oliver filed a petition for extraordinary relief and a

---

1. These include rules 3.1, 3.2, 3.4, and 8.4(a) of the Utah Rules of Professional Conduct.

motion to stay the imposition of the twelve-month suspension in this court. On February 19, 2008, this court denied the motion to stay. Then, on April 22, 2008, we dismissed the appeal because Oliver had failed to file a docketing statement within twenty-one days of the appeal, as required by rule 9 of the Utah Rules of Appellate Procedure.

¶ 5 About a year and a half later, on November 2, 2009, Oliver returned to the Third District Court with a "Motion to Correct Order for Lack of Jurisdiction," arguing that the court's initial order of reciprocal discipline "contained additional sanctions that [the court] was not authorized to impose." The district court, Oliver argued, had exceeded its jurisdiction by imposing more than the "equivalent" discipline contemplated by RLDD 14–522(d).

¶ 6 The district court denied the motion, concluding that "[t]here is no matter raised in the motion that implicates the jurisdiction of the Court." To the extent the motion sought to alter or amend the judgment, moreover, the district court found it untimely because it was served well outside the ten-day limit set forth in rule 59(e) of the Utah Rules of Civil Procedure. Oliver then sought an appeal from the denial of that motion.

## II

■ ¶ 7 On appeal, Oliver argues that because his motion challenged the subject-matter jurisdiction of the trial court, it is not subject to the time bar of rule 59(e). Because the district court "add[ed] additional procedures for reinstatement over and above those required by the Federal Court," Oliver contends that "the Trial Court exceeded its jurisdiction." And because the judgment was "void," Oliver claims that it may be challenged at any time.

■ ¶ 8 We disagree and affirm. Oliver's motion is not properly characterized as a challenge to the court's subject-matter jurisdiction. Subject-matter jurisdiction is "authority to adjudicate the type of controversy involved in the action." RESTATEMENT (SECOND) OF JUDGMENTS § 11 (1982). "A court has subject matter jurisdiction if the case is one of the type of cases the court has been empowered to entertain by the constitution or statute from which the court derives its authority." *Myers v. State,* 2004 UT 31, ¶ 16, 94 P.3d 211 (internal quotation marks omitted).

¶ 9 There is no doubt that the district court had subject-matter jurisdiction over the disciplinary action against Oliver. The district courts of this state have unquestioned authority to adjudicate matters of attorney discipline. UTAH CODE ANN. § 78A–5–102(3) (Supp.2010) ("The district court has jurisdiction over matters of lawyer discipline consistent with the rules of the Supreme Court."). Thus, in challenging the district court's requirements for readmission as not "equivalent" to the discipline imposed by the federal court, Oliver is not contesting the court's authority to hear matters of attorney discipline in general or his discipline case in particular. He is simply challenging the district court's interpretation and application of RLDD 14–522(d) to his case. Such a challenge cannot conceivably be characterized as subject-matter jurisdictional. If it were, any attorney with any quarrel with the legality or propriety of a sanction against him could circumvent the timing and preservation restrictions on raising such arguments by recasting them as challenges to the court's "jurisdiction" to enter such sanctions.

¶ 10 Ultimately, Oliver's argument on appeal goes to the question of whether the sanction entered against him in 2008 was consistent with the governing standards of RLDD 14–522(d). But that was (at least in part) the subject of his 2008 appeal that we dismissed when Oliver failed to submit a docketing statement. We decline to endorse Oliver's backdoor attempt to revive that appeal through the guise of a meritless challenge to the court's jurisdiction.

## III

¶ 11 In affirming the denial of Oliver's attempt to revive his initial appeal, we cannot help but wonder whether the time and effort Oliver devoted to this appeal may have been better spent seeking readmission under RLDD 14–525 or, as suggested by counsel for the OPC at oral argument, by compliance with RLDD 14–525(j). Oliver's one-year sus-

pension has long since lapsed. His compliance with these provisions as a condition of reinstatement seems a small price to pay to resume the practice of law—presumably a smaller price than the time and effort spent on this untimely appeal.

¶ 12 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice LEE's opinion.