No. 58,734

In the Matter of the Application of ROBERT LESLIE STORMONT, for Admission to the Bar of Kansas.

(712 P.2d 1279)

Opinion filed January 17, 1986.

*Jack Focht*, of Focht, Hughey & Hund, of Wichita, argued the cause and was on the brief for applicant.

*Carl A. Gallagher*, assistant attorney general, argued the cause, and *Robert T. Stephan*, attorney general, and *Mark E. Wettig*, legal intern, were with him on the brief for respondent.

The opinion of the court was delivered by

McFARLAND, J.: Robert Leslie Stormont applied to the Kansas Board for Admission of Attorneys for admission to the bar of Kansas without written examination under Supreme Court Rule 703 (235 Kan. clxxxiii and amendments 237 Kan. v [Adv. Sheet No. 2]). The Board has filed its written report with this court recommending denial of the application. Mr. Stormont has filed exceptions to the report and the matter is before us for decision.

Supreme Court Rule 703 provides, in pertinent part:

"(a) Any applicant for admission to the bar of Kansas who was duly admitted to the practice of law upon examination by the highest Court of another jurisdiction may be admitted to practice in this State without written examination, upon showing that the applicant:

. . . .

"(3) has, for a period of five years and continuously to within six months of making application for admission here, actively performed legal services for which a license to practice law is required in a jurisdiction in which the applicant held a valid license . . . ." 237 Kan. v (Adv. Sheet No. 2).

The Board found that Mr. Stormont had not met the requirements of Rule 703(a)(3). The Board, after so finding, proceeded

sua sponte to consider the application as one seeking admission to the bar upon examination pursuant to Supreme Court Rule 702 (235 Kan. clxxxi and amendments 237 Kan. iv [Adv. Sheet No. 2]). The bulk of the exceptions filed herein go to findings of the Board on the application as so converted. Mr. Stormont has stated before this court that he did not intend, nor does he desire, his application be considered as one filed under Rule 702. We will therefore confine this opinion to consideration of the application as filed under Rule 703. The issue is thereby confined to whether or not Mr. Stormont is in compliance with the requirements of Rule 703(a)(3).

Mr. Stormont was admitted by examination to the bar of Oklahoma in 1966. He lived and practiced in Enid, Oklahoma, until 1981 when he closed his law office in Oklahoma and moved to Wichita, Kansas. He moved to Wichita to accept a $60,000 per year position with the Minor Emergency Center P.A. involving performance in Wichita of corporate managerial and legal activities and has continued in that employment. Mr. Stormont has retained a few of his Oklahoma clients and, between 1981 and the present, performed a smattering of legal services in Oklahoma for those clients.

Mr. Stormont contends the remnants of his Oklahoma practice satisfy the requirements of Rule 703(a)(3) that the applicant "has, for a period of five years and continuously to within six months of making application for admission here, actively performed legal services for which a license to practice law is required in a jurisdiction in which the applicant held a valid license . . . ." The Board found otherwise and recommends denial of the application on that ground. We agree with the Board. Rule 703(a)(3) requires more than a showing of the performance of legal services in the foreign jurisdiction for the required period of time—the rule requires the applicant to have *actively* performed legal services. The reason for this requirement is manifestly apparent. Kansas has a valid interest in admitting individuals to the bar who have an acceptable level of professional ethics and knowledge—hence the bar examination requirement for all except those qualifying under Rule 703. In admitting individuals under Rule 703, experience in another jurisdiction is, *inter alia*, substituted for current testing of knowledge. The occasional

practice of law in another jurisdiction is no assurance of competency and skills kept honed by experience.

The Supreme Court of Arkansas was confronted with the determination of what constituted the active practice of law for admission to the bar on reciprocity without written examination in *Undem v. State Bd. of Law Examiners*, 266 Ark. 683, 587 S.W.2d 563 (1979). The court held:

"The active practice of law means that the legal activities of the applicant must have been pursued on a full-time basis and constituted his regular business. *Petition of Jackson*, 95 R.I. 393, 187 A.2d 536 (1963)." 266 Ark. at 696.

We agree with this definition and hold that the term "actively performed legal services" contained in Rule 703(a)(3) requires that the applicant must have pursued such legal activities in the jurisdiction in which he or she was admitted on a full-time basis and must have constituted the applicant's regular business for the requisite time period. Under the facts herein, the Board was clearly correct in finding that Mr. Stormont had failed to show compliance with Rule 703(a)(3). We, therefore, accept the recommendation of the Board that Mr. Stormont's application for admission to the bar without written examination be denied.

HOLMES, J., not participating.