2001 UT 72

**In re Petition of Larry Don GOBELMAN.**

No. 20010452.

Supreme Court of Utah.

Aug. 17, 2001.

Katherine A. Fox, for the Utah State Bar.

Clark R. Nielsen, Scott M. Ellsworth, Salt Lake City, for petitioner.

Larry D. Gobelman, pro se.

WILKINS, Justice:

¶ 1 Petitioner seeks certification by this court of his qualification to sit for the Utah bar examination as an attorney applicant and a determination that he achieved a passing score on the examination given in July 2000. Along with his contention that he is qualified

as an attorney applicant to sit for the examination, petitioner raises a number of subsidiary issues regarding the grading of the examination and the actions of the Utah State Bar in dealing with his application for admission. To the degree that the existing rules governing admission to the bar conflict with petitioner's requested relief, he asks that he be granted waiver of those requirements.

¶ 2 The Rules Governing Admission to the Bar have been adopted by the Bar Commission under authority granted it by this court pursuant to rule III.K(1) of our Rules of Integration and Management of the Utah State Bar. Only two categories of persons are eligible to sit for the examination: "student applicants" as described in rule 3 of the Rules Governing Admission, and "attorney applicants" as described in rule 4.

¶ 3 In addition to other requirements, student applicants from law schools within the United States must be graduates of an "approved law school," see Rules Governing Admission to the Bar, Rule 3–1(3), which is defined as one fully or provisionally approved by the American Bar Association pursuant to its Standards and Rules of Procedure for Approval of Law Schools, see Rules Governing Admission to the Bar, Rule 1–1. Petitioner does not qualify as a student applicant because he did not graduate from a law school so approved.

¶ 4 Attorney applicants, on the other hand, need not necessarily be graduates of an "approved law school." However, in addition to other requirements not relevant to petitioner, an attorney applicant must have

been admitted to the practice of law before the highest court of a sister state or the District of Columbia for no less than five years, and have been substantially and lawfully engaged in the practice of law in such jurisdiction for any four of the five years immediately preceding the filing of the application.

Rules Governing Admission to the Bar, Rule 4–1(3). This rule presents a series of related requirements. To be qualified for admission to the bar, an attorney applicant must have been admitted to the bar of a sister state or

the District of Columbia. Petitioner was admitted to the California State Bar in 1995.[1] In addition, the attorney applicant must have been substantially and lawfully engaged in law practice in the admitting jurisdiction—California in petitioner's case—for any four of the five years immediately prior to seeking admission to the Utah bar. Petitioner has not satisfied this requirement.

¶ 5 Petitioner's application for admission discloses that he has been continuously employed in Salt Lake City, Utah, by the Third Judicial District Court since October 1994. He does not claim to have been engaged in law practice in California at any time. Rather, he lists his employment at the district court in Salt Lake City as his only legal practice or employment since being admitted to the California State Bar. This employment experience does not meet the requirements of the rule for admission of an attorney applicant. Petitioner must have been engaged in the practice of law in California for four of the five years between his admission to the California bar in 1995 and his application for admission in Utah in 2000. Petitioner admits that this has not been the case.

█ ¶ 6 Petitioner asks for a waiver of the practice requirement embodied in rule 4–1, based upon his assertion that he possesses the requisite "learning, ability and character" for admission to the Utah bar. In support, petitioner relies upon his experiences as a court administrator, his legal education, his admission to the California bar, and letters from co-workers attesting to his personal qualities. While we may have no difficulty in accepting petitioner's demonstration of good character, the quality of his legal education ("learning") and his legal skills ("ability") are precisely the focus of the accredited law school and active practice requirements for admission to the bar of this state.

¶ 7 Having been admitted to the bar of a sister state, any applicant seeking admission as an attorney already in practice demonstrates learning and ability as a lawyer by completing at least four years of law practice in the admitting jurisdiction. The measure of legal learning is not only the successful completion of the bar examination of another

---

1. Petitioner sat for and passed the California bar examination given in July 1995, but he was not admitted to practice before the California Supreme Court until December 1, 1995.

state, but also the demonstration of the application of that legal knowledge by a period of years of substantial and lawful practice in that jurisdiction.

▮ ¶ 8 Petitioner asks that we consider his legally oriented duties as a court administrator as demonstrative of his legal skills. However, legally oriented duties performed in Utah are not the equivalent of substantial and lawful practice of law in a jurisdiction where petitioner has been admitted. Were it to be the same, petitioner would have to be viewed as if he were practicing here, but without the benefit of the legal authority to practice law in Utah, authority that can be achieved only by proper admission to the bar of this state. Obviously, we cannot encourage applicants to practice in Utah without proper legal authority then sanction that activity by accepting unauthorized practice of law as the equivalent of the authorized practice of law elsewhere. To do so would defeat our obligation to protect the citizens of this state by requiring attorneys to establish their credentials to practice law here. Any exception in petitioner's case would encourage such a practice.

▮ ¶ 9 While exceptions may be viewed as equitable by some, our constitutional obligation to control the practice of law carries the burden of protecting the interests of the citizens of Utah, and prevents us in this case from making any allowance for the deficiencies in petitioner's application. He is, on the record before us, not qualified for admission to the Utah bar as either a student or an attorney applicant at the present time. As such, we need not, and do not, reach the other issues raised in the petition regarding the administration of the examination or the processing of petitioner's application for admission by the Utah State Bar.

¶ 10 Petition denied.

¶ 11 Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.

¶ 12 Having recused himself, Chief Justice HOWE does not participate herein.