**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTINA KOURIANOS,

      Plaintiff - Appellant,

v.

SMITH'S FOOD & DRUG
CENTERS, INC.; ART HENRY,

      Defendants - Appellees.

No. 02-4094
D.C. No. 2:00-CV-799-S
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

      This Americans with Disabilities Act ("ADA") hostile work environment discrimination and retaliation claim stems from Plaintiff-Appellant's former employment with Smith's Food & Drug Centers. The district court granted summary judgment in favor of Smith's, holding that there was insufficient evidence in the record to demonstrate that Appellant was either disabled or

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

perceived as disabled for purposes of establishing that she was a qualified individual with a disability pursuant to the ADA. The district court did not address whether Appellant offered sufficient evidence of a hostile work environment since she failed to meet ADA threshold requirements. The court also dismissed Appellant's retaliation claim.

On appeal, Appellant contends that the district court committed reversible error in concluding that she had not offered sufficient evidence demonstrating that her diagnosed depression and anxiety substantially limited the major life activity of "emotional stability." Appellant does not appeal the district court's holding that there is no evidence that she was regarded as being disabled by Smith's or that she had a record of disability as defined by the ADA. Appellant does not appeal the dismissal of her claim for retaliation.

The issue we must address is whether the district court erred in granting summary judgment to Smith's and in concluding that Appellant's deposition testimony categorically refuted her ADA claim that she suffered a substantial limitation of a major life activity arising out of her diagnosed depression and anxiety. Appellant's deposition testimony, relied on by the district court as refuting her claim, was that Appellant perceived herself as functioning normally in society and able to maintain good interpersonal relationships, care for herself and her small child, attend college part-time, and perform all of her job

requirements satisfactorily.  Aplt. App. at 95-96, 100, 107-110, 132-37.

We review *de novo* a grant of summary judgment, viewing the evidence in a light most favorable to the non-moving party and applying the same legal standards as the district court.  Steele v. Thiokol Corp., 241 F.3d 1248, 1252 (10th Cir. 2001); Charter Canyon Treatment Ctr. v. Pool Co., 153 F.3d 1132, 1135 (10th Cir. 1998).

An ADA claim requires a plaintiff, as a threshold matter, to show "that she is a qualified individual with a disability" as defined by the ADA.  Steele, 241 F.3d at 1252 (internal quotations omitted).  A disability is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment."  42 U.S.C. § 12102(2).  Additionally, "the ADA demands that we examine exactly how [a plaintiff's] major life activities are limited by his [or her] impairment."  Steele, 241 F.3d at 1253.  We must determine the effect of the impairment on the life of the individual–that is, the effect of Appellant's alleged anxiety and depression on one or more of Appellant's major life activities.

We agree with the district court that Appellant's deposition testimony conclusively establishes that she did not suffer a substantial limitation in any major life activity arising from her alleged depression and anxiety.  The district court stated:

Plaintiff admits that she is able to meet all of the demands associated with caring for herself and her daughter. Plaintiff has testified that she generally is able to maintain friendships and interpersonal relationships. Plaintiff generally perceives herself as able to function normally in society. She is able to attend classes part time at College of Eastern Utah. From January 1997 until she quit in May, 1999, Plaintiff was able to perform her work as a checker and courtesy clerk at Smith's Price store, which included working with the public, checking groceries, making change, handling money, remembering codes, knowing departments, etc. Although Plaintiff gets anxiety attacks, and as a result she has trouble breathing which forces her to take a break from work, she testified that they only occur several times a year.

Aplt. App. at 284 (internal citations omitted).

Appellant argues that the district court improperly gave greater weight to the evidence of her overall functionality while ignoring the evidence of the permanency and severity of her depression and anxiety. She argues that the evidence reveals that she attempted suicide, washed her hands compulsively, suffered two failed relationships, was only able to maintain a "D" average in college, and was incapable of living independent from her parents. According to Appellant, this is evidence that she has a severe disability which affects the major life functions of forming conjugal relationships, socializing, and learning–in short, the major life function of maintaining emotional stability.

However, Appellant's counsel has offered no expert testimony that his client was unable to accurately perceive her own level of functioning. As such, it appears from the record that Appellant was capable of self-evaluation and that she

was able to accurately perceive her own level of functioning. As the district court noted, Appellant testified that she perceived herself as functioning normally in society. She felt that she was able to maintain good interpersonal relationships, care for herself and her small child, attend college part-time, and perform all of her job requirements satisfactorily. Aplt. App. at 95-96, 100, 107-110, 132-37. Additionally, Appellant's psychologist, Dr. Manwill, testified that "to a large extent . . . she was capable" of "describ[ing] how she felt or what she could do." Aple. Supp. App. at 14-15.

Even if the evidence offered by Appellant supports her assertion that she had an impairment, it does not address the extent to which the alleged impairment substantially limited her in performing a major life activity. It is not sufficient for Appellant to demonstrate that she has an impairment and symptoms that arise from the impairment; she must also demonstrate how her impairment and symptoms substantially limit her in performing one or more major life activities. Appellant has not done this. There is nothing in the record to demonstrate that Appellant could not perform the functions and activities of daily life or that her impairment and symptoms substantially limited her functions and activities.

Because Appellant has not established, as a threshold matter, that she was

substantially limited in a major life activity,[2] we are not required to address the novel question of whether emotional stability can be a recognized ADA major life activity. We are also not required to address the effect of Appellant's failure to raise the major life activity of emotional stability argument at the district court level. We are reluctant to categorically refute an entire class of plaintiffs that all have distinctly different mental impairments that may or may not substantially limit a major life activity.[3]

For the foregoing reasons, the decision of the district court is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[2] Even if we assume for the sake of argument that emotional stability is a recognized major life activity, Appellant has not established that she was limited in a substantial way as required by 42 U.S.C. § 12102(2).

[3] "We have not decided whether 'interacting with others' is a major life activity and there is a split among the circuits on the issue. Compare Soileau v. Guilford of Maine, Inc., 105 F.3d 12, 15 (1st Cir. 1997), with McAlindin v. County of San Diego, 192 F.3d 1226, 1234-1235 (9th Cir. 1999)." Steele, 241 F.3d at 1253.