2010 UT 3

**In the Matter of the Petition of Thomas E. ANTHONY.**

No. 20090576.

Supreme Court of Utah.

Feb. 2, 2010.

Richard D. Bradford, M. James Brady, Provo, for petitioner.

Steven T. Waterman, Katherine A. Fox, Salt Lake City, for Utah State Bar.

DURRANT, Associate Chief Justice:

## INTRODUCTION

¶ 1 Thomas E. Anthony petitions this court for extraordinary relief seeking waiver of rule 14–704(a)(3) of the Rules Governing the Utah State Bar, which requires that attorney applicants to the Utah Bar must have graduated from a law school accredited by the American Bar Association ("ABA").[1] We grant Mr. Anthony's request for waiver and refer to the Bar and to our rules committee the issue of waiver of the rules governing admission so that they may propose stan-

dards and procedures that will govern similar requests for waiver in the future.

## BACKGROUND

¶ 2 Mr. Anthony graduated from Western State University in 1980. At the time of his graduation, Western State was accredited by the California State Bar, but not by the ABA. Before committing to attend law school at Western State, Mr. Anthony contacted the Utah Bar to determine his eligibility for admission as a graduate of Western State. The Bar informed him that he would be allowed to sit for the Utah bar examination if he graduated from Western State, provided that he passed the California bar examination and practiced law in California for at least five years. Mr. Anthony subsequently graduated from Western State and was admitted to the California State Bar in 1980.

¶ 3 In 1988, Mr. Anthony applied for admission to the Utah Bar and was authorized by the Bar to sit for Utah's 1989 attorney exam. But for an unknown reason, he did not appear for the exam and was marked as a "no show." Rather than continuing to seek admission in Utah, Mr. Anthony continued practicing law in California.

¶ 4 On July 11, 2003, the Bar filed a petition to amend the rules governing admission. Among the amendments was an addition to the rule governing admission of attorney applicants. The version of the rule in effect prior to the amendment allowed an attorney applicant to sit for the Utah bar exam if the applicant had been admitted to practice in another state and had actively practiced law for four out of the five years preceding application. While the proposed revision to our attorney applicant rule retained the requirement that an attorney applicant must have practiced law for a requisite period of time, it added the requirement that an attorney applicant must have graduated from an "approved law school" to sit for the Utah bar exam.[2] The proposed revision defined an "approved law school" as one fully or provi-

---

**1.** The rules governing admission require that attorney applicants graduate from an "approved law school," Utah Sup. Ct. R. Prof'l Practice 14–704(a)(3), which is defined as one either fully or provisionally accredited by the ABA, *id.* R. 14–701(e).

**2.** Utah Sup.Ct. R. Prof'l Practice 14–704(a)(3).

sionally accredited by the ABA.[3] We adopted the revision in September of 2003, and the approved law school requirement was codified as rule 14–704(a)(3) of the Utah Supreme Court Rules of Professional Practice.

¶ 5 In the fall of 2008, Mr. Anthony moved to Provo, Utah, to care for his ailing mother. Upon arriving in Utah, he associated with a local law firm as a clerk and prepared to seek admission to the Utah Bar. But when Mr. Anthony contacted the Bar regarding admission, he was informed that he was ineligible to sit for the Utah bar exam because he had not graduated from an ABA-accredited law school.

¶ 6 Mr. Anthony nonetheless submitted his application to sit for the July 2009 attorney bar exam. Consistent with its prior position, the Bar rejected his application and formally notified Mr. Anthony that his application had been denied for failure to satisfy the requirements of rule 14–704(a)(3).

¶ 7 After receiving notification of his rejection from the Bar, Mr. Anthony requested additional information. The Bar informed Mr. Anthony that, although it was unable to waive any admissions requirements under rule 14–702(f), rule 14–709 provided the appropriate appeals process.[4] Rather than pursue the Bar's appeals process, Mr. Anthony filed a petition for a writ of extraordinary relief with this court. We have jurisdiction pursuant to section 78A–3–102(2) of the Utah Code.

## ANALYSIS

¶ 8 We begin by analyzing the threshold question of whether Mr. Anthony is entitled to seek extraordinary relief. Determining that he is, we conclude by addressing the merits of his claim for waiver.

3. *Id.* R. 14–701(e).

4. *See id.* R. 14–704(f).

5. Utah R.App. P. 19.

6. Utah R. Civ. P. 65B(a).

7. Utah Const. art. 8, § 4 ("The Supreme Court by rule shall govern the practice of law, including

## I. EXTRAORDINARY RELIEF IS APPROPRIATE IN THIS CASE BECAUSE MR. ANTHONY LACKS AN ADEQUATE ALTERNATIVE REMEDY

¶ 9 Mr. Anthony's claim for extraordinary relief is brought pursuant to rule 19(a) of the Utah Rules of Appellate Procedure, which sets out the procedure for obtaining, from an appellate court, the extraordinary relief provided for in rule 65B of the Utah Rules of Civil Procedure.[5] Rule 65B authorizes a person, in certain defined circumstances, to petition a court for extraordinary relief when "no other plain, speedy and adequate remedy is available."[6] In this case, the Bar argues that Mr. Anthony is not entitled to extraordinary relief because the appeals process set forth in rule 14–709 of the rules governing admission constitutes a plain, speedy, and adequate remedy that Mr. Anthony is first required to pursue.

¶ 10 Mr. Anthony responds by arguing that the appeals process is not an adequate remedy because it is futile given the Bar's admitted inability to waive the ABA accreditation requirement. Because Mr. Anthony does not dispute that rule 14–704(a)(3) prohibits him from sitting for the Bar exam, but instead simply seeks a waiver of the requirement that the rules governing admission do not authorize the Bar to grant, he contends he should not have to pursue a burdensome and unnecessary appeal.

¶ 11 We agree with Mr. Anthony. The Utah Constitution imposes on this court the duty, and grants it the concomitant authority, to govern the practice of law within the state of Utah.[7] Thus, as a matter of constitutional law, authority over admissions in this state remains with this court unless it has been delegated away. And our own rules make clear that we have not yet delegated the right to waive admissions requirements.[8]

admission to practice law and the conduct and discipline of persons admitted to practice law.").

8. *See* Utah Sup. Ct. R. Prof'l Practice 14–702(f) ("Neither the Bar nor its representatives has authority to waive any rule. Waiver of any rule may only be obtained by petitioning the Supreme Court.").

¶ 12 Because the authority to waive one of our admissions rules rests solely with this court, the Bar's appeals process is clearly futile for an applicant seeking only the waiver of a rule. Our standard for obtaining extraordinary relief does not require a petitioner to pursue a futile appeals process solely as a matter of form. We hold that Mr. Anthony is entitled to seek a waiver from this court even though he did not complete the appeals process normally required by the rules.[9] Accordingly, we now turn to the merits of Mr. Anthony's request for waiver.

## II. WE WAIVE THE ABA ACCREDITATION REQUIREMENT IN MR. ANTHONY'S CASE

■ ¶ 13 Mr. Anthony contends that we should grant him a waiver of the ABA accreditation requirement because it would be unfair to apply our amended rule to him retroactively and because it is irrational, given his extensive experience as a practicing attorney, to judge his fitness to practice law solely on the basis of where he graduated from law school. Although he acknowledges the relevance of an attorney's law school education to admission decisions generally, he argues that, at some point in an attorney's career, "the law school experience fade[s] into insignificance and become[s] irrelevant in determining" an individual's competency to practice law. And in his case, Mr. Anthony asserts that we should consider his long record of zealous and competent representation rather than making the decision solely based on his educational qualifications.

¶ 14 The Bar argues that rule 14–704(a)(3) is not being applied retroactively because Mr. Anthony "is, in fact, a new applicant, not an old applicant whose approval was placed in abeyance in the event he decided to apply again at an unspecified future date." In addition, the Bar responds to Mr. Anthony's claim that his special circumstances justify waiver by pointing to our prior case law

denying waivers of admission requirements—including the ABA accreditation requirement—in the past.[10] The Bar contends that, if we grant a waiver to Mr. Anthony based on his unique circumstances, we would encourage a deluge of petitions for waiver, forcing this court into a burdensome case-by-case evaluation of the merits of numerous unsuccessful applicants.

¶ 15 This court has no desire to encourage a flood of individualized waiver petitions. But as we have noted in the past, the purpose of our admission requirements is to protect the citizens of Utah by ensuring, to the best of our ability, that the people of this state may rely on admitted attorneys for competent and ethical representation.[11] While the rules governing admission stand as important safeguards against incompetent and unethical representation, strict adherence to the rules in every case may undermine, rather than further, these goals. And where the goal of ensuring competent representation would not be advanced by a strict application of the rules governing admission, we have contemplated that rules may be waived in appropriate cases. This is evidenced by the language concerning waiver of the admissions rules found in rule 14–702(f).[12]

¶ 16 Accordingly, we now make clear that a waiver of the Bar's ABA accreditation requirement may be obtained in an appropriate case. While we decline to set out any specific standard for evaluating petitions for waiver, we find that where an attorney has actively practiced law, without blemish, for nearly thirty years and comes highly recommended by judges, clients, and fellow attorneys, waiver of the ABA accreditation requirement is appropriate. We therefore grant Mr. Anthony's petition for waiver of rule 14–704(a)(3).

¶ 17 We recognize the validity of the Bar's concerns regarding the potential administrative burdens resulting from case-by-case analysis of requests for waiver. Neverthe-

---

9. *See id.* R. 14–709.

10. *See, e.g., In re Fox,* 2004 UT 20, 89 P.3d 127 (upholding ABA accreditation requirement against constitutional challenge); *In re Gobelman,* 2001 UT 72, 31 P.3d 535 (denying waiver of the five-year practice requirement).

11. *See In re Gobelman,* 2001 UT 72, ¶¶ 8–9, 31 P.3d 535.

12. Utah Sup.Ct. R. Prof'l Practice 14–702(f).

less, we are confident that these burdens can be sufficiently mitigated by the revision of our rules to provide for the judicious delegation of authority and development of standards and procedures that provide guidance to both applicants and the Bar. Accordingly, we take this opportunity to refer to the Bar and our rules committee the issue of waiver of the rules governing admission and instruct them to begin the process of proposing changes to the rules governing admission under which the Bar would be given authority to waive the ABA accreditation requirement subject to discretionary review by this court.

## CONCLUSION

¶ 18 We conclude that Mr. Anthony is entitled to petition this court for extraordinary relief because the normal appeals process would be futile. We also grant his petition for waiver of the ABA accreditation requirement because his long record of successful practice clearly demonstrates his competency to practice law in Utah. Mr. Anthony is therefore eligible to sit for the bar exam assuming he can satisfy all the other relevant admissions requirements. Finally, we instruct the Bar and our rules committee to begin work toward revising the rules to provide standards and procedures for applicants seeking waiver of specific admissions requirements and to grant the Bar authority to make such waivers.

¶ 19 Chief Justice DURHAM, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice DURRANT's opinion.