2012 UT 92

**In the Matter of the Application
of Timothy W. Spencer.**

**Timothy William SPENCER, Petitioner,**

**v.**

**UTAH STATE BAR, Respondent.**

**No. 20110745.**

Supreme Court of Utah.

Dec. 21, 2012.

Michael Reason, South Ogden, for petitioner.

Katherine A. Fox, Salt Lake City, for respondent.

Chief Justice DURRANT, opinion of the Court:

## INTRODUCTION

¶ 1 In this appeal, we consider a lawyer's motion to be admitted to practice law in Utah without taking the Utah bar examination. We allow admission on such motion where a lawyer has engaged in the active practice of law in a reciprocal jurisdiction in the years preceding the motion. Specifically, under our "mirror rule," which was in effect in 2010 when the lawyer in this case sought admission to the Utah State Bar (Utah Bar or Bar), a lawyer licensed in Idaho could be admitted to practice law in Utah if he had actively practiced law in Idaho for three of the five years preceding his application to the Bar.[1] This case requires us to determine whether we should waive compliance with that rule for Timothy Spencer, who has substantial legal experience but cannot satisfy the active practice requirement because he voluntarily ceased practice during periods when he suffered from depression and anxiety. This case also requires us to determine whether waiver of our active practice requirement is required under the Americans with Disabilities Act (ADA). Finally, this case requires us to determine whether the active practice requirement violates the Equal Protection Clause of the U.S. Constitution or the uniform operation of laws provision of the Utah Constitution.

¶ 2 Because we do not require lawyers who are admitted on motion to take the bar examination, the active practice requirement is the only means by which we ensure that applicants seeking admission on motion are competent to practice law in Utah. Accordingly, we decline to waive the active practice requirement for Mr. Spencer. We further conclude that even if Mr. Spencer had established that he is a qualified individual with a disability under the ADA, he would not be entitled to a waiver of the active practice requirement as an accommodation. Finally, we conclude that, because there is a reasonable basis for the active practice requirement, the rule does not violate the Equal Protection Clause of the U.S. Constitution or the uniform operation of laws provision of the Utah Constitution.

## BACKGROUND

¶ 3 Mr. Spencer was admitted to practice law in Idaho in 1983. He actively practiced there until 1995, when he voluntarily ceased his practice because he was suffering from anxiety and depression. He resumed his practice in 1997, but voluntarily ceased practicing for the second time in 2001 when he again experienced anxiety and depression. By this time, Mr. Spencer had actively practiced law for sixteen years in Idaho, and he had received an award for his professionalism from the Idaho State Bar.

¶ 4 The Social Security Administration determined that, as of 2003, Mr. Spencer was disabled by his illness. In 2004, Mr. Spencer changed his status with the Idaho bar to "inactive" and moved to Utah where he has remained. After moving to Utah, he worked as a law clerk, provided assistance on pro bono cases, and acquired numerous continuing legal education credits. On July 21, 2009, after Mr. Spencer's treating physician cleared him to resume the practice of law, he changed his status with the Idaho bar back

---

1. See Sup. Ct. R. Prof'l Practice 14–705(a)(3)–(4) (2010) (permitting a lawyer to be admitted on motion to the Utah Bar if he had "been substantially and lawfully engaged in the active practice of law (meaning 50% or more) in the reciprocal jurisdiction where licensed for at least three of the previous *four* years immediately preceding" the lawyer's application, but also establishing the so-called "mirror rule" that, if the reciprocal jurisdiction "requires Utah lawyers to complete or meet other conditions or requirements" for admission to its bar, "the applicant must meet a substantially similar requirement for admission in Utah" (emphasis added)); Idaho Bar Comm'n R. 204A(a)(2) (2010) (permitting a lawyer licensed in Utah to be admitted on motion to the Idaho Bar if he has actively practiced law "for no less than three of the last *five* years immediately preceding" the lawyer's application (emphasis added)). In 2012, we made significant changes to rule 14–705, including repealing the "mirror rule." See Sup.Ct. R. Prof'l Practice 14–705.

to "active" and claims to have resumed his Idaho law practice.[2]

¶ 5 In March of 2010, Mr. Spencer submitted an application for admission to the Utah Bar by motion under rule 14–705 of the Supreme Court Rules of Professional Practice. At that time, rule 14–705, in conjunction with Idaho's rule, permitted the Bar to admit an applicant on motion if the lawyer had been actively engaged in the practice of law in Idaho for at least three of the five years preceding the date of the lawyer's application.[3] The Bar denied Mr. Spencer's application because he had not actively practiced law in Idaho for the required period.

¶ 6 Mr. Spencer then filed a request for review by the Bar's admissions committee, seeking an exception or waiver of the active practice requirement. The admissions committee denied his request. Mr. Spencer then timely appealed. We have jurisdiction to hear this matter pursuant to article VIII, section 4 of the Utah Constitution and section 78A–3–102(2) of the Utah Code.

### STANDARD OF REVIEW

■ ¶ 7 "Under article VIII, section 4 of the Utah Constitution, this court is empowered to govern the practice of law in Utah, including the admission to practice."[4] Although the Bar acts as our agent, "we may exercise judgment independent of the Bar ... whenever we deem it appropriate."[5] "We have generally chosen to indulge some deference to the Bar's findings and judgments, and have stated that the Court should not disturb what the [Bar] has done unless the petitioner *clearly demonstrates* that he has been treated in an unfair, unreasonable or arbitrary manner."[6] Further, "the au-

thority to waive one of our admissions rules rests solely with this court."[7]

### ANALYSIS

¶ 8 Mr. Spencer appeals the Bar's denial of his application to be admitted to the Utah Bar on motion. We first consider whether to waive the active practice requirement for Mr. Spencer, which would permit him to be admitted to the Bar without taking the bar examination. We next consider whether Mr. Spencer is entitled to a waiver as an accommodation under the ADA. Finally, we consider whether the active practice requirement violates principles of equal protection under the U.S. or Utah Constitutions.

I. BECAUSE APPLICANTS WHO ARE ADMITTED ON MOTION DO NOT TAKE THE UTAH BAR EXAMINATION, THE ACTIVE PRACTICE REQUIREMENT IS THE ONLY MEANS BY WHICH WE ENSURE THAT THEY ARE CURRENTLY COMPETENT TO PRACTICE LAW IN UTAH, AND WE DECLINE TO WAIVE THE REQUIREMENT FOR MR. SPENCER

¶ 9 To be admitted to the Utah Bar, applicants must demonstrate that they have the basic competency necessary to practice law. Most applicants are required to demonstrate this competency by achieving a passing score on the bar examination.[8] But rule 14–705 of the Supreme Court Rules of Professional Practice provides an exception to that general requirement. Under rule 14–705, a lawyer who has already been admitted to practice law in a reciprocal jurisdiction may gain admission to the Utah Bar, without taking the examination, if the lawyer has actively prac-

---

**2.** The extent of Mr. Spencer's practice of Idaho law since 2009 is unclear. We also note that Mr. Spencer never moved back to Idaho, as he has remained in Utah since 2004.

**3.** Sup. Ct. R. Prof'l Practice 14–705(a)(4) (2010); Idaho Bar Comm'n R. 204A(a)(2) (2010); *see supra* ¶ 1 n. 1.

**4.** *McBride v. Utah State Bar*, 2010 UT 60, ¶ 12, 242 P.3d 769 (internal quotation marks omitted).

**5.** *Id.* (alterations omitted) (internal quotation marks omitted).

**6.** *Id.* (alterations omitted) (emphasis in original) (internal quotation marks omitted).

**7.** *In re Anthony*, 2010 UT 3, ¶ 12, 225 P.3d 198; *see also* Sup. Ct. R. Prof'l Practice 14–702(f) ("Waiver of any rule may only be obtained by petitioning the Supreme Court.").

**8.** *See* Sup. Ct. R. Prof'l Practice 14–710.

ticed law in the reciprocal jurisdiction for the requisite number of years. Specifically, the rule in effect at the time Mr. Spencer applied provided as follows:

> An admission on motion applicant may be admitted to the practice of law if the applicant has been admitted to the practice of law before the highest court of a sister state.... [and] has been substantially and lawfully engaged in the active practice of law (meaning 50% or more) in the reciprocal jurisdiction where licensed for at least three of the previous four years immediately preceding the date of the filing of the application for admission under this rule.[9]

¶ 10 The rule further provided that if the reciprocal jurisdiction "requires Utah lawyers to complete or meet other conditions or requirements, the applicant must meet a substantially similar requirement for admission in Utah."[10] Idaho admits lawyers to its state bar on motion if they have been actively practicing law for three of the five years preceding the application.[11] Thus, in 2010, a lawyer licensed in Idaho could have been admitted to the Utah Bar on motion if he had actively practiced law in Idaho for three of the five years before he submitted his application to the Utah Bar. The rules further provide that although this court may waive admission requirements, the Bar is not empowered to do so.[12]

 ¶ 11 By the time Mr. Spencer applied for admission to the Utah Bar, he had accumulated more than seventeen years of active legal practice in Idaho. But he did not actively practice law in Idaho for three of the five years preceding his application for admission to the Utah Bar. Although he cannot satisfy the active practice requirement, he argues that he should be admitted to the

Utah Bar on motion. He asserts that he "has achieved the skill and competence necessary to practice law [in Utah] through his previous and extensive experience in Idaho," and that his "experience and qualifications demonstrate that he is competent to immediately begin representing clients in Utah." Thus, he asks us to waive the active practice requirement under rule 14–705 and permit him to be admitted to the Utah Bar without taking the bar examination.

¶ 12 The Bar asks us to deny Mr. Spencer's request, citing the importance of the rules regulating admission to the Utah Bar and the importance of objective standards for admission. Specifically, the Bar asserts that the admission rules "play a critical role in protecting the public" and that "[t]he underlying premise upon which motion admission rests is that a practicing lawyer does not need to re-establish his competency by passing another examination because he has already demonstrated competency through his *current* history of professional practice." Further, the Bar asserts that "[w]aivers are inherently difficult to apply, produce inconsistent results, [and] promote the appearance of unfairness." Thus, the Bar asserts that Mr. Spencer should be admitted to the Utah Bar only if he either satisfies the active practice requirement or passes the bar examination. We agree.

¶ 13 The rules governing admission to the Bar—including the active practice requirement—"stand as important safeguards against incompetent and unethical representation."[13] Indeed, because applicants who are admitted on motion are not required to pass a bar examination, the active practice requirement is the only means by which the Bar assesses an applicant's current competency to practice law in Utah. "[T]he focus on

---

9. Sup. Ct. R. Prof'l Practice 14–705(a)(4) (2010). The rule was amended in 2012. *See* Sup. Ct. R. Prof'l Practice 14–705(a)(7). Under the current version, a lawyer may be admitted on motion if he has actively practiced law in a reciprocal jurisdiction for "at least five of the previous seven years" preceding his application. *Id.*

10. Sup. Ct. R. Prof'l Practice 14–705(a)(3) (2010).

11. Idaho Bar Comm'n R. 204A(a)(2)(2010). In its denial of Mr. Spencer's application, the Bar cited

what was then Idaho Bar Commission Rule 204A for this provision.

12. Sup. Ct. R. Prof'l Practice 14–702(f) ("Neither the Bar nor its representatives has authority to waive any rule. Waiver of any rule may only be obtained by petitioning the Supreme Court."). This provision was in effect when Mr. Spencer sought admission on motion in 2010. *See* Sup Ct. R. Prof'l Practice 14–702(f) (2010).

13. *In re Anthony*, 2010 UT 3, ¶ 15, 225 P.3d 198.

the ... period immediately preceding the application ... ensur[es] that the applicant remains currently competent and in good standing," and "[t]he ... time frame is a generous but reasonable means of assuring that the applicant has achieved and maintained the skills and fitness required for the practice of law."[14] The active practice requirement thus ensures that an applicant's legal experience is both current and substantial.

 ¶ 14 Further, "[w]hile exceptions may be viewed as equitable by some, our constitutional obligation to control the practice of law carries the burden of protecting the interests of the citizens of Utah."[15] We have held that this obligation can prevent us from "making any allowance for the deficiencies" in a lawyer's application to the Bar.[16] Indeed, we strictly enforce our admission requirements. For example, in *In re Gobelman*, we declined to waive the active practice requirement for an applicant who had been employed for more than five years with a Utah court.[17] We held that "legally oriented duties performed in Utah are not the equivalent of substantial and lawful practice of law in a jurisdiction where [an applicant] has been admitted."[18] And in *In re Fox*, we declined to waive the requirement that an applicant must have graduated from an accredited law school to sit for the bar examination, even though the applicant had been admitted to the Utah Bar before he was disbarred and our decision meant that he would have to return to law school to be eligible to practice law in Utah.[19]

¶ 15 But in *In re Anthony*, we waived the law school accreditation requirement for an applicant who relied on a former version of Utah's Supreme Court Rules of Professional Practice—and advice from the Utah State Bar—before deciding to attend an unaccredited law school.[20] Although we declined to set out a standard for evaluating petitions for waiver, we noted that "a waiver of the Bar's ABA accreditation requirement may be obtained in an appropriate case," and permitted the applicant to sit for the Utah bar examination.[21] Thus, although we permitted a waiver of one of the admission on motion requirements, we did not strip the Bar of its ability to ensure that the applicant was currently competent to practice law in Utah.

¶ 16 In this case, we do not doubt that Mr. Spencer has accrued significant legal experience since his admission to the Idaho State Bar in 1983. But at the time he sought admission to the Utah Bar, his legal experience was not current. Indeed, he had changed his status with the Idaho bar from "inactive" to "active" in July of 2009, less than one year before he applied to be admitted to the Utah Bar.[22] And rule 14–705 does not contemplate the admission of lawyers who merely have significant past legal experience. Instead, as discussed above, the rule permits a lawyer to be admitted on motion only if the lawyer's legal experience is *both* current and substantial. Specifically, in 2010, the rule required that an applicant must have actively practiced law in Idaho "for at least three of the previous [five] years *immediately preceding* the date of the filing of the application."[23] In this light, because

---

14. *In re Conner*, 181 Vt. 555, 917 A.2d 442, 446 (2006) (alteration omitted) (internal quotation marks omitted).

15. *In re Gobelman*, 2001 UT 72, ¶ 9, 31 P.3d 535.

16. *Id.*

17. *Id.* ¶¶ 5, 8–9.

18. *Id.* ¶ 8.

19. 2004 UT 20, ¶¶ 2, 12, 89 P.3d 127.

20. 2010 UT 3, ¶¶ 2, 15, 225 P.3d 198; *see* Sup. Ct. R. Prof'l Practice 14–703(a)(3) (requiring that applicants must have graduated from "an Approved Law School").

21. *In re Anthony*, 2010 UT 3, ¶ 16, 225 P.3d 198.

22. Further, it is unclear whether, since that time, he devoted "50% or more" of his time to the active practice of law as was then required by rule 14–705(a)(4). *See* Sup. Ct. R. Prof'l Practice 14–705(a)(4) (2010).

23. Sup Ct. R. Prof'l Practice 14–705(a)(4) (2010) (emphasis added). Although the rule requires that an applicant establish that he has actively practiced for three of the *four* years immediately preceding the application, we note again that, because Idaho's reciprocal admission rules are more generous, Mr. Spencer was required to establish that he had been actively practicing for three of the previous *five* years preceding his application. *See* Idaho Bar Comm'n R. 204A(a)(2) (2010); *see also supra* ¶ 1 n. 1.

Mr. Spencer's legal experience is not current, we cannot conclude that it serves the rule's purpose.

¶ 17 In some instances, the active practice requirement may prevent skilled, competent lawyers from being admitted to the Utah Bar on motion. But the requirement provides a predictable, objective standard by which the Bar may review applications for admission. To depart from that standard would require us to evaluate the credentials of every lawyer who seeks a waiver of the active practice requirement. We agree with the Bar that this endeavor would inevitably "produce inconsistent results, [and] promote the appearance of unfairness." Accordingly, we decline to waive the active practice requirement for Mr. Spencer.

¶ 18 We note, however, that our decision today does not prevent Mr. Spencer from gaining admission to the Utah Bar. If he accumulates the requisite number of years of active practice in Idaho, he may decide to renew his application for admission on motion to the Utah Bar.[24] Alternatively, he remains free to seek admission to the Utah bar through the more traditional route of sitting for the bar examination.

## II. EVEN IF MR. SPENCER HAD ESTABLISHED THAT HE IS A QUALIFIED INDIVIDUAL WITH A DISABILITY UNDER THE ADA, HE WOULD NOT BE ENTITLED TO A WAIVER OF THE ACTIVE PRACTICE REQUIREMENT AS AN ACCOMMODATION

■ ¶ 19 Mr. Spencer argues that he is a qualified individual with a disability under the ADA. Further, he argues that it was his disability—anxiety and depression—that prevented him from being able to satisfy the active practice requirement. Thus, he argues that the Bar's denial of his application for admission on motion was impermissible because it was "based on factors stemming from his disability." He concludes that "[t]olling the computation of his practice time during the period of his disability" is the required reasonable accommodation for his disability. As discussed below, we conclude that even if Mr. Spencer had established that he is a qualified individual with a disability, he would not be entitled to a waiver of the active practice requirement as an accommodation.

¶ 20 As an initial matter, we note that it is unclear whether Mr. Spencer is a qualified individual with a disability under the ADA. The ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity."[25] Determining whether a person is a qualified individual with a disability under the ADA requires a three-step inquiry.[26] "First, the court must determine whether the plaintiff has an impairment. Second, the court must identify the life activity upon which the plaintiff relies and determine whether it constitutes a major life activity under the ADA. Third, the court asks whether the impairment substantially limited the major life activity."[27]

¶ 21 In this case, it is not clear that Mr. Spencer's impairment substantially limits his ability to work. To aid our consideration of this issue, he has provided only the June 8, 2009 letter from his treating psychiatrist, which describes the medications Mr. Spencer took at that time and states that he was able to return to work. Although this letter suggests that Mr. Spencer may have suffered from an impairment that interfered with his ability to work at some point prior to 2009, it does not provide any description of the work-related tasks he was unable to perform or how his condition interfered with his ability

24. Rule 14–705 now requires that an applicant seeking admission on motion establish that he has actively practiced law in a reciprocal jurisdiction for five of the seven years preceding his application. Sup. Ct. R. Prof'l Practice 14–705(a)(7).

25. 42 U.S.C. § 12132.

26. *Doyal v. Okla. Heart, Inc.,* 213 F.3d 492, 495 (10th Cir.2000) (citing *Bragdon v. Abbott,* 524 U.S. 624, 631, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998)).

27. *Id.* (citations omitted).

to do those tasks.[28] Further, it provides no information regarding whether or how Mr. Spencer's condition has changed in the three years since the letter was written. The letter therefore does not aid in our determination of whether Mr. Spencer's impairment substantially limits his ability to work. Accordingly, it is not clear that Mr. Spencer is entitled to an accommodation under the ADA.

¶ 22 But we need not decide whether Mr. Spencer is a qualified individual with a disability under the ADA because, even if he had established that he is qualified, he would not be entitled to a waiver of the active practice requirement. The ADA requires that "[a]ny person that offers examinations or courses related to applications [or] licensing" for professional purposes "shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals."[29] Further, the federal regulations promulgated under the ADA provide that "[n]o qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."[30]

¶ 23 Thus, "[a] public entity may not administer a licensing or certification program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability," and must "make reasonable modifications" in its procedures to avoid discrimination on the basis of disability, "unless the public entity can demonstrate that making the modifications would fundamentally alter the nature" of the program.[31] Similarly, a private entity that administers examinations related to licensing or certification must provide "appropriate auxiliary aids for persons with impaired sensory, manual, or speaking skills" in order to ensure that examinations accurately evaluate the individual's skill level.[32]

¶ 24 Accordingly, under the ADA, the Utah Bar is required to administer the bar examination in a way that does not discriminate against qualified individuals with disabilities. But the ADA does not require the Utah Bar to waive the active practice requirement for disabled lawyers who seek to be admitted on motion.[33] As discussed above, the active practice requirement ensures that lawyers who are admitted on motion have the requisite learning and ability to practice law in Utah.[34] Waiving the active practice requirement would allow admission of an applicant who has neither satisfied the active practice requirement nor passed the bar examination. This would "fundamentally alter the nature" of the bar admissions program and is not required under the ADA.[35] Accordingly, we conclude that, even if Mr. Spencer had established that he is a qualified individual with a disability under the ADA, he would not be entitled to a waiver of the active practice requirement.

## III. BECAUSE THERE IS A REASONABLE BASIS FOR THE ACTIVE PRACTICE REQUIREMENT, IT DOES NOT VIOLATE THE UNIFORM OPERATION OF LAWS PROVISION OR THE FEDERAL EQUAL PROTECTION CLAUSE

¶ 25 Mr. Spencer argues that the active practice requirement in rule 14–705 violates the uniform operation of laws provision of the

---

28. *See Kourianos v. Smith's Food & Drug Ctrs., Inc.*, 65 Fed.Appx. 238, 241 (10th Cir.2003) (holding that the appellant failed to establish that she was entitled to an accommodation under the ADA because there was "nothing in the record to demonstrate that [she] could not perform the functions and activities of daily life or that her impairment and symptoms substantially limited her functions and activities").

29. 42 U.S.C. § 12189.

30. 28 C.F.R. § 35.130(a).

31. *Id.* § 35.130(b)(6), (7).

32. *Id.* § 36.309(b)(3).

33. Indeed, we are unable to find a single opinion from any other jurisdiction in which a court has waived the active practice requirement for a disabled applicant.

34. *In re Gobelman*, 2001 UT 72, ¶ 6, 31 P.3d 535.

35. *See* 28 C.F.R. § 35.130(b)(7).

Utah Constitution and the Equal Protection Clause of the U.S. Constitution.[36] Specifically, he argues that the active practice requirement discriminates against individuals who are disabled, that "the classification of disabled persons is not reasonable," and that the relationship between the classification and the rule is not reasonable.

¶ 26 The uniform operation of laws provision of the Utah Constitution provides that "[a]ll laws of a general nature shall have uniform operation."[37] Similarly, the Fourteenth Amendment of the U.S. Constitution provides for equal protection of the laws.[38] We have held that "[t]he uniform operation of laws provision and the Equal Protection [C]lause address similar concerns" and are "substantially parallel."[39] Indeed, "[w]hile known as the uniform operation of laws provision, art. I, section 24 of the Utah Constitution has long been considered the state's equal protection clause; the two embody the same general principle."[40] Although the two provisions are similar, we have developed a standard for reviewing classifications under the uniform operation of laws provision that is "at least as exacting and, in some circumstances, more rigorous than the standard

applied under the federal constitution."[41] Thus, in this context, the Utah Constitution guarantees at least as much protection as does the federal constitution.[42] Because a statute that withstands scrutiny under the uniform operation of laws provision "will not be found to violate the federal equal protection clause,"[43] we begin by considering Mr. Spencer's claims under the uniform operation of laws provision.

¶ 27 "The purpose of the uniform operation of laws provision is to prevent classifying persons in such a manner that those who are similarly situated with respect to the purpose of a law are treated differently by that law, to the detriment of some of those so classified."[44] But "[w]hen no suspect class or fundamental right is involved, states may treat similarly situated people differently if a reasonable basis exists for doing so."[45] Further, under this "reasonable basis" review, a statute may be overinclusive or underinclusive; "perfection is by no means required."[46]

¶ 28 In this case, rule 14–705 does not create any classification regarding disability.[47] Any lawyer who meets the rule's

**36.** In his reply brief, Mr. Spencer also argues that the Bar's denial of his application for admission "violated his constitutional right to due process of law." But rule 24(c) of the Utah Rules of Appellate Procedure provides that an appellant's reply brief "shall be limited to answering any new matter set forth in the opposing brief." Further, "[i]t is well settled that issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court." *Allen v. Friel*, 2008 UT 56, ¶ 8, 194 P.3d 903 (internal quotation marks omitted). Accordingly, we decline to consider Mr. Spencer's due process argument.

**37.** Utah Const. art. I, § 24.

**38.** U.S. Const amend. XIV, § 1.

**39.** *Merrill v. Utah Labor Comm'n*, 2009 UT 26, ¶ 7, 223 P.3d 1089 (internal quotation marks omitted).

**40.** *State v. Drej*, 2010 UT 35, ¶ 32, 233 P.3d 476 (internal quotation marks omitted).

**41.** *Mountain Fuel Supply Co. v. Salt Lake City Corp.*, 752 P.2d 884, 889 (Utah 1988).

**42.** *See ABCO Enters. v. Utah State Tax Comm'n*, 2009 UT 36, ¶ 14, 211 P.3d 382.

**43.** *Blue Cross & Blue Shield of Utah v. State*, 779 P.2d 634, 637 (Utah 1989).

**44.** *Merrill*, 2009 UT 26, ¶ 6, 223 P.3d 1089 (internal quotation marks omitted).

**45.** *McBride v. Utah State Bar*, 2010 UT 60, ¶ 33, 242 P.3d 769 (internal quotation marks omitted); *see also Ryan v. Gold Cross Servs., Inc.*, 903 P.2d 423, 426 (Utah 1995) ("The test we apply in determining compliance with the uniform operation of laws provision is whether the classification is reasonable, whether the objectives of the legislative action are legitimate, and whether there is a reasonable relationship between the classification and the legislative purposes." (internal quotation marks omitted)).

**46.** *Vance v. Bradley*, 440 U.S. 93, 108, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979) (internal quotation marks omitted).

**47.** Even if the rule did create a classification based upon disability, it is not clear that such a classification would require heightened scrutiny. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 446, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (holding that disability is not a suspect or quasi-suspect classification that requires heightened scrutiny).

requirements may be admitted on motion, regardless of whether the lawyer is disabled. Instead, the rule distinguishes only between lawyers who satisfy the active practice requirement and those who do not. Thus, to be constitutional under the uniform operation of laws provision, there need only be a reasonable basis for the classification reflected in the rule.

¶ 29 We conclude that a reasonable basis exists for distinguishing between lawyers who satisfy the active practice requirement and those who do not. As discussed above, because lawyers who are admitted on motion are not required to take the bar examination, the active practice requirement ensures that they have current and substantial legal experience.[48] Indeed, the active practice requirement is the only means by which the Bar ensures that lawyers who are admitted on motion have the requisite learning and ability to practice law in Utah.[49] Moreover, the fact that the rule may be overinclusive does not render it unconstitutional.[50] Accordingly, we conclude that the active practice requirement does not violate the uniform operation of laws provision. And because it withstands our scrutiny under the Utah Constitution, we conclude that the active practice requirement does not violate the federal Equal Protection Clause.[51]

## CONCLUSION

¶ 30 We decline to waive the active practice requirement for Mr. Spencer. We conclude that the requirement ensures that lawyers who are admitted to the Utah Bar on motion have current and substantial legal experience, which ensures they are competent to practice law in Utah. Further, we conclude that even if Mr. Spencer had established that he is a qualified individual with a disability under the ADA, a waiver of the

active practice requirement would not be required as a reasonable accommodation. Finally, because there is a reasonable basis for the active practice requirement, we conclude that it does not violate the uniform operation of laws provision or the Equal Protection Clause. Accordingly, because Mr. Spencer has failed to "clearly demonstrate[ ] that he has been treated in an unfair, unreasonable or arbitrary manner," we deny his appeal.[52]

Chief Justice DURRANT authored the opinion of the Court, in which Associate Chief Justice NEHRING, Justice DURHAM, Justice PARRISH, and Justice LEE joined.

48. *See supra* ¶ 13; *see also In re Stormont*, 238 Kan. 627, 712 P.2d 1279, 1281 (1986) (concluding that the active practice requirement protects a state's "valid interest in admitting individuals to the bar who have an acceptable level of professional ethics and knowledge," which is served by requiring those who do not meet the practice requirement to take the state's bar examination).

49. *See In re Gobelman*, 2001 UT 72, ¶ 6, 31 P.3d 535.

50. *See Vance*, 440 U.S. at 108, 99 S.Ct. 939.

51. *See Blue Cross & Blue Shield of Utah*, 779 P.2d at 637.

52. *See McBride v. Utah State Bar*, 2010 UT 60, ¶ 12, 242 P.3d 769 (emphasis omitted) (internal quotation marks omitted).